HUTT VS. THE BOARD OF SUPERVISORS of Winnebago County.

Where the defendant in a criminal prosecution is acquitted, the county is not liable for the fees of his witnesses, under sec. 77, ch. 133, R. S.

APPEAL from the Circuit Court for *Winnebago* County.

The County Board of Supervisors of said county disallowed the claim of the plaintiff for the amount of his fees as a witness in a criminal prosecution, he having been summoned for the defendant in such prosecution, and such defendant having been acquitted. On appeal to the circuit court, judgment was rendered for the plaintiff, and the defendant appealed.

*H. B. Jackson*, for appellant.

*Whittemore & Weisbrod*, for respondent, cited sec. 7, Art. I, Constitution of Wis.; sec. 8, ch. 177, R. S.; *West v. The State*, 1 Wis., 233; *Carpenter et al. v. County of Dane*, 9 id., 274; *County of Dane v. Smith*, 13 id., 585, 587; sec. 77, ch. 133, R. S.; sec. 12, ch. 179, R. S.

*By the Court*, DOWNER, J. The question presented in this case is, whether the county is liable for the fees of the defendant's witnesses in a criminal prosecution in which the defendant, at the trial, is acquitted. At common law the defendant, whether acquitted or convicted, is alone bound to pay his witnesses, and without any right of being reimbursed from the public treasury. But it is claimed that the county is liable by virtue of the provisions of sec. 77, ch. 133, R. S., which

is: "When any prosecution instituted in the name of this state, for breaking any law of this state, shall fail, or when the defendant shall prove insolvent, or escape, or be unable to pay the fees when convicted, the fees shall be paid out of the county treasury, unless otherwise ordered by the court: provided, that no fees shall be paid out of the county treasury for mileage to the district attorney." This section is first found in the legislation of Wisconsin in the Revised Territorial Statutes of 1839, page 399. It was doubtless taken, with some alteration, from a statute of the Territory of Michigan, which is the same as this section to the word "convicted," and then provides that no fee shall be paid the sheriff or other officers out of the county or state treasury, but such officers, for their fees in such cases, shall be respectively allowed by the board of supervisors of the county for their services an annual compensation of not less than five nor over sixty dollars, to be paid from the county treasury and fixed by the board of supervisors. The Michigan statute made no provisions for witnesses, either for or against the prosecution, and the fees provided for were obviously only those of the prosecution, and such as might be taxed against the defendant, if he was convicted. In the Revised Territorial Statutes of 1839, we find not only the section under consideration, but also a provision that in all criminal prosecutions where judgment should be rendered against the defendant, he should be liable for costs; also that the district attorney should have certain fees for mileage; that fines recovered and collected should be paid into the county or territorial treasury; but no provision respecting the payment of the costs collected into the public treasury. The section in the Territorial Statutes was in harmony with the other provisions, and the system there established was, that in criminal prosecutions, if the defendant was convicted, judgment was rendered against him for the costs of the prosecution; and these costs, if collected, were paid by the officer receiving them to the various officers or persons

whose fees or charges made up the items for which the judgment was rendered; or if the county, previous to collection, had paid any of these fees, then such fees were to be paid into the county treasury. But if the defendant was unable to pay, or proved insolvent, or escaped, or the prosecution failed, then the fees were to be paid from the county treasury. What fees? Obviously the same that would have been taxed against the defendant if he had been convicted—the fees of the prosecution. And this we think is the construction this section of the Revised Statutes of 1858 must receive. If we had any doubt as to its construction, we should apply the principle that the rules of the common law are to be changed only by clear and unambiguous legislation, not by doubtful implication.

Judgment reversed, and a new trial ordered.