D. C. HENDERSHOTT *vs.* COUNTY OF FILLMORE.

January 20, 1891.

**Criminal Action—Fees for Service of Subpœnas—Liability of County.**
> When the defendant in a criminal action. pending in justice's court, is acquitted, the county is not liable for the fees of an officer incurred in the service of a subpœna upon a witness for the defence.

Appeal by defendant from an order of the district court for Fillmore county, refusing a new trial after a trial by *Farmer,* J., and judgment of $3.31 and costs ordered for plaintiff. The action was an appeal from the disallowance, by the county board, of an item of $3.15 for fees of plaintiff, as constable, for serving a subpœna on a witness for defendant in a criminal case before a justice of the peace, in which a trial by jury resulted in an acquittal.

*Burdett Thayer,* for appellant.

*Farmer & Allen,* for respondent.

COLLINS, J. The question in this case is the right of the respondent, a constable, to collect his fees from the appellant county for serving a subpœna upon a witness for the defendant in a criminal case, pending in justice's court, in which case the prosecution failed to convict. It is conceded that at common law no such right exists, but the claim is made that appellant's liability has been fixed by the terms of Gen. St. 1878, c. 70, § 44, which, with the head-note of the editor, placed in italics by the writer hereof, reads as follows: "*Fees of prosecution paid out of county treasury, when.* When any prosecution, instituted in the name of the state, for breaking any law thereof, fails, or when the defendant proves insolvent, or escapes, or is unable to pay the fees when convicted, the fees shall be paid out of the county treasury, unless otherwise ordered by the court." This statute, slightly changed in its phraseology, was taken from Wisconsin,

having been enacted there in territorial days, (1839,) and it has been construed there as providing for the fees incurred by the prosecution only. *Hutt* v. *Winnebago County,* 19 Wis. 116. It became a law of the territory of Minnesota in the year 1851, and has been in force continually since that time. The construction placed upon it all these years has been, we are warranted in saying, that declared in the case cited, and also briefly expressed in the head-note to section 44, prepared and published more than 12 years ago by the learned compiler of Gen. St. 1878. If this section is to be construed in accordance with the views of the court below, it would not only make the fees of the officers a county charge in all cases covered by the same, in district as well as in justice's court, but the *per diem* and mileage of defendant's witnesses also. If such has been the law in the former territory and present state since 1851, a period of nearly 40 years, it is quite surprising that it was long ago deemed necessary to provide, in the discretion of the district judge, for the payment of defendant's witnesses in criminal proceedings pending in district court. Section 10, *c.* 70, *supra.* This section has been amended several times, the last amendment being Laws 1881, *c.* 74, § 1, but the exercise of discretion by the district judge has always been made a distinctive feature. We are clearly of the opinion, from the language used, that the fees specified in section 44 are those of the prosecution only,— those fees which could have been imposed upon defendant in case of a conviction, or which would have been collected from him had he been found guilty and proved solvent. These would have been the fees incurred in the prosecution only, for we know of no statute which authorizes the taxation against a defendant of the fees which he incurs in his own behalf.

The appellant makes the further point that as a subpœna is process of the court addressed to the witness, not directed to the officer in any manner, and which may be served by any person, the respondent could in no event serve it at appellant's expense. It is true that it is directed to the witness only, and is not a command to an officer; and it is also true that when issued by a justice it may be served by any person, (Gen. St. 1878, *c.* 65, § 45,) but it is unnecessary to pass upon the point at this time.

. The order refusing a new trial is reversed, and the case remanded to the district court, with instructions to proceed in accordance with the views herein expressed.