**STATE of Minnesota, Respondent,**

v.

**Michael Charles LEMON, Appellant.**

No. C0–86–948.

Court of Appeals of Minnesota.

Oct. 21, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

Fred T. Friedman, Duluth, for appellant.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Michael Lemon was charged with second-degree assault and was acquitted after a jury trial. He moved for reimbursement of his witness' travel expenses. The trial court denied the motion, and Lemon appeals from the trial court's order. The State did not file a brief, and this matter is proceeding pursuant to Minn.R.Civ.App.P. 142.03. We reverse.

## FACTS

Lemon, who was employed by a private security agency, was armed and patrolling a steel plant on October 21, 1984. He encountered trespassers, who began to approach him, so he twice fired his weapon into the air to protect himself. Shane Hobbs, a witness, gave statements to the authorities consistent with Lemon's statements. Hobbs subsequently joined the Army and was stationed in Georgia. On June 27, 1985, a complaint was filed in St. Louis County District Court charging Lemon with second-degree assault in violation of Minn.Stat. § 609.222, with reference to §§ 609.224 and 609.11. An omnibus hearing was held on October 3, 1985, in which Lemon moved to dismiss the charge for lack of probable cause. He further moved that if the motion were denied, the trial be set for a date certain so that Hobbs could be transported to Duluth to testify, at a "super saver" fare of $212. The court, in an order issued November 21, 1985, found probable cause. It also ordered that the case be placed on the calendar for trial. A date certain was not set until December 2, 1985, and then for only a week hence. Hobbs was then subpoenaed and flown to Duluth at a round-trip cost of $838.

The trial began on December 9, 1985. Hobbs testified on Lemon's behalf and apparently gave testimony consistent with his earlier statements to police. On December 13 the jury deliberated for less than three and a half hours (including lunch) and returned a not-guilty verdict.

Lemon moved the court for an order allowing reasonable costs and disbursements for transporting Hobbs to testify at trial. At the close of the hearing the court requested that Lemon submit an affidavit setting forth his employment status and his assets and liabilities and asked that counsel inform the court as to the portion of attorney's fees paid and expenses incurred. The trial court denied the motion, and Lemon appeals. This court granted discretionary review.

## ISSUE

Did the trial court abuse its discretion by denying appellant reimbursement for the travel expenses of an exculpatory witness?

## DISCUSSION

Lemon bases his claim for reimbursement for his witness' travel expenses on three statutory provisions. We find the first two, Minn.Stat. §§ 357.32 and 549.04 (1984), inapplicable. Minn.Stat. § 357.32 applies only to prosecution witnesses. *See Hendershott v. County of Fillmore*, 45

Minn. 281, 47 N.W. 810 (1891). Minn.Stat. § 549.04 applies only to civil actions.

The statute under which expenses for Lemon's witness may be allowed is Minn. Stat. § 357.24, which provides in relevant part:

> Witnesses for the state in criminal cases shall receive the same fees for travel and attendance as provided in section 357.22, and judges may, in their discretion, allow like fees to witnesses attending in behalf of any defendant.

Minn.Stat. § 357.22 provides for reimbursement of witness travel expenses as follows:

> For travel to and from the place of attendance, to be estimated from his residence, if within the state, or from the boundary line of the state where he crossed it, if without the state, 24 cents per mile.

Minn.Stat. § 357.22(2) (1984).

The trial court refused to award the travel expenses. We find this decision to be an abuse of discretion under the particular facts of this case.

Hobbs was an exculpatory witness whom the defense considered indispensable. The State recognized this fact by including Hobbs on its witness list. Lemon had arrested Hobbs for trespassing, yet his three consistent statements exonerated Lemon. It was essential to the judicial process that Hobbs appear as a witness. The fact that Hobbs had to travel from out of state is attributable to the nine-month delay in prosecuting the matter. Hobbs joined the Army after the incident, and he advised the police of this fact. Had Lemon been promptly charged, presumably Hobbs would have been readily available to testify. Lemon, in an attempt to minimize expenses, made the practical suggestion that a date certain at least 30 days in advance be set so that Hobbs could take advantage of the "super saver" airfare rates. Lemon was evidently willing to waive his right to a speedy trial in order to save money; it is difficult to see how any prejudice to the prosecution would have resulted in setting a date certain far enough in advance so that Hobbs could fly at a lower airfare.

Further, the evidence against Lemon was weak, as evidenced by the week-long trial and the brief period of jury deliberation necessary to acquit Lemon. Finally, although Lemon's attorney had incurred various expenses and attorney's fees, not all of which were paid, he has limited his request for reimbursement to the travel expense of this crucial witness.

On the unusual and almost unique facts of this case, we find that the trial court's denial of Lemon's motion for fees for his witness' travel expense was an abuse of discretion. Lemon is entitled to reimbursement of his witness' travel expense calculated in accordance with Minn.Stat. § 357.-22: 24 cents per mile for the round-trip distance between the southern border of Minnesota and Duluth.

### DECISION

The decision of the trial court is reversed, and appellant is awarded his witness' travel expenses pursuant to Minn. Stat. §§ 357.24 and .22.

Reversed.