JUDITH R. LEVENSON *vs.* CAMBRIDGE SAVINGS BANK.

Suffolk.   December 8, 1926. — March 2, 1927.

Present: BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract,* Performance and breach: performance enjoined by decree in equity. *Equity Pleading and Practice,* Decree.

In an action of contract by one, to whom real estate was struck off at an auction sale under foreclosure of a mortgage, against the mortgagee for breach of an agreement to convey in accordance with the terms of the sale, the plaintiff cannot recover if it appears that after the sale the owner of the equity of redemption brought a suit in equity against the mortgagee and the purchaser seeking that the sale be declared void and that he be allowed to redeem; that in that suit a final decree, from which there was no appeal, was entered declaring the sale void and directing redemption; that the mortgagee thereupon returned to the purchaser a deposit he had made; and that the mortgagor redeemed.

CONTRACT.   Writ dated April 6, 1923.

In the Superior Court, the action was tried before *Whiting,* J.   Material evidence is described in the opinion.  At the close of the evidence, the trial judge ordered a verdict for the defendant and reported the action to this court for determination.

*W. H. Garland,* for the plaintiff.

*G. K. Richardson,* for the defendant.

SANDERSON, J.   This is an action of contract to recover damages for breach of an agreement to convey to the plaintiff an estate, struck off to her as the highest bidder at an auction sale to foreclose a mortgage held by the defendant.

The plaintiff paid the deposit required, and received from counsel for the defendant a receipt "on account of the pur-

chase price of property Cheney St., Roxbury, being deposit called for by foreclosure notice." Before the conveyance was made, the owner of the equity of redemption brought a bill in equity against the savings bank, the defendant in this action, and the plaintiff in this action to set aside the foreclosure sale and to redeem the property from the mortgage. An order restraining the bank from executing and delivering, and restraining Levenson from receiving, a deed conveying the premises in question was issued and continued in force until the entry of the final decree, which declared the foreclosure sale to be null and void and gave the owner of the equity the right to redeem upon the conditions therein stated. No appeal was taken from that decree and in accordance with its terms the owner of the equity thereafter redeemed the property. In the case at bar it was agreed that the bank had paid the plaintiff the amount of her deposit at the auction sale without prejudice to the rights of either party. The judge of the Superior Court ordered a verdict for the defendant and reported the case with the stipulation that, if he was wrong in making that order, judgment was to be entered for the plaintiff in the sum of $6,100 with interest from the date of the writ.

The decree in equity conclusively established, as to all parties to the suit, the invalidity of the foreclosure sale and the right of the owner of the equity to redeem. If the plaintiff in the case at bar desired to contend that upon the facts found in the equity suit she had a valid contract with the bank or that the decree, for any reason, failed to protect her rights, she should have appealed therefrom. In the absence of such appeal she was bound by the terms of the decree. The question whether the court was justified in entering it is not now open. The plaintiff cannot hold the defendant for breach of a contract based upon her bid at the foreclosure sale, followed by payment of the deposit required, when that sale has been decided to be null and void in a suit in which she was a party and the defendant has been prevented from performing the contract by judicial decree.

Having reached the conclusion that the decree in the equity suit is decisive of the plaintiff's right to recover, we

have found it unnecessary to give further consideration to the questions argued as to the relative rights of the highest bidder at a foreclosure sale and of the owner of the equity of redemption, during the period after the sale and before the delivery of the deed. See G. L. c. 244, §§ 18, 22. *Brown* v. *Wentworth*, 181 Mass. 49.    *Beal* v. *Attleborough Savings Bank*, 248 Mass. 342.

*Judgment on the verdict.*