[Sac. No. 3913. In Bank.—February 8, 1928.]

UNITED BANK AND TRUST COMPANY OF CALIFORNIA (a Corporation), Appellant, v. C. WALTER BROWN, Respondent.

Louttit, Stewart & Louttit for Appellant.

O. C. Parkinson and Parkinson & Parkinson for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the defendant's favor. The complaint in the action was in two counts, each relating to a different cause of action. In the first alleged cause of action the plaintiff sought to recover a balance due upon two promissory notes dated, respectively, January 13, 1920, and April 6, 1920, each of said notes being secured by a deed of trust executed by C. Walter Brown, the maker of said notes and the defendant and respondent herein. On May 7, 1924, notice of default in the payment of said notes and of election to sell the property described in said trust deed was filed pursuant to the terms thereof. Notices of such sale were published and were also posted on August 13, 1924, and the sale of the property was had thereunder on September 10, 1924. It is for the balance alleged to remain due upon said notes after such sale and the application toward the payment of the total amount due upon said notes that the plaintiff counts upon in its first alleged cause of action. The second count or cause of action arises out of a similar transaction, being for a balance due upon two other notes dated, respectively, November 14, 1919, and May 10, 1922, and which were also secured by a deed of trust, the sale under which was conducted at the same time and upon the same notices as those published and posted upon the sale under the first trust deed. The defense which the said defendant urged in his pleadings and upon the trial related to an alleged insufficiency in the notices given of the sale of his property under each of these deeds of trust, and which, as he con-

tended and here contends, rendered the said sales thereunder void and hence this action as to both its counts premature and nonmaintainable. The trial court found in the defendant's favor upon the defense and gave judgment accordingly against the plaintiff upon both causes of action. The question thus presented upon appeal arises out of the following situation. At the time these promissory notes were given and the trust deeds securing them were executed, respectively, the latter each contained a provision that in case of default in the payment of said promissory notes the beneficiary under said trust deeds "shall record in the office of the recorder in the county wherein said property or some part thereof is situated a notice of such breach and of election to cause said property to be sold to satisfy said obligations. After three months shall have elapsed following said recordation of said notice the trustees, without demand on the parties of the first part shall sell said property in such parcels and at such times and places as they shall deem best to accomplish the objects of these trusts, having first given notice of the time and place of said sale in the manner and for the time not less than that required by law for sales of real property upon execution." At the time of the execution of said trust deeds containing the foregoing provision the manner provided and required by law for sales of real property upon execution was that embraced in section 692 of the Code of Civil Procedure. By the terms of that section as it then read it was provided that "in case of sales of real property upon execution notice thereof must be given by posting the notice in the form required therein" for twenty days in three public places of the township or city where the property is situated and also where the property is to be sold, and publishing a copy thereof "for the period prescribed in said section." In the year 1923 [Stats. 1923, p. 754], however, this section of the Code of Civil Procedure was amended by the addition to its former language of the following proviso: "Provided that where real property is to be sold under the provisions of any deed of trust the copy of said notice shall be posted in some conspicuous place on the property to be sold at least twenty days before date of sale." The sale of the property covered by the two deeds of trust above referred to was made in

each case after the taking effect of the foregoing amendment, and it is an admitted fact on this appeal that in neither case was a copy of the notice of sale posted upon the property to be sold, respectively, under said trust deeds as required by the terms of said amendment. It was for that reason that the trial court held each of said sales under said trust deeds to have been void, and hence this action prematurely brought.

It is the contention of the appellant herein that since said trust deeds were executed prior to the amendment made to section 692 of the Code of Civil Procedure in 1923, and since said trust deeds contained the specific provision that the procedure for the sale of the property described therein should as to the notices of such sales be that required by law for sales of real property upon execution, and since the sales of said properties were conducted as to such notices in strict conformity to the provisions of said section of the code relating to sales of real property under execution as said section read regarding such sales prior to said amendment and as said section still reads as to sales of real property under execution, these sales were valid notwithstanding the admitted fact that they were not conducted as to the notices thereof in conformity with the terms of the amendment to said section of the code enacted in 1923. The appellant further contends that said amendment should not be given retroactive effect upon said trust deeds so as to change the procedure specifically agreed upon by the parties thereto with relation to the remedies to which the beneficiary thereunder was to be entitled in event of default. ■ In making the first of these contentions the appellant seems to have lost sight of a quite well-established principle applicable to the interpretation of written instruments of the character of these trust deeds in so far as the remedies provided therein for their enforcement are concerned. That principle is this: That when parties to such instruments provide therein that as to the method of their enforcement it shall be in accordance either with law generally or with the terms of a particular procedural statute, the provisions in such instrument thus providing must be interpreted to mean the law or the statute in the form in which it exists at the time of such enforcement. The leading case upon

this subject is that of *James* v. *Stull,* 9 Barb. (N. Y.) 482, and it has been followed generally by the courts of all states. (*Webb* v. *Lewis,* 45 Minn. 282 [27 N. W. 803]; *Scott* v. *District Court,* 15 N. D. 259 [107 N. W. 61].) The case of *International B. & L. Assn.* v. *Hardy,* 86 Tex. 610 [40 Am. St. Rep. 870, 24 L. R. A. 284, 26 S. W. 497], upon which the appellant most strongly relies, recognizes the existence of this principle and, in fact, expressly restates it, but holds it inapplicable to the particular case before that court for the reason that the statute referred to in that case purported by its later amendment to change the time and place of the sale to be made under the trust deed there under review, and in so doing affected the period after default within which sales thereunder could be made. The case of *Taylor* v. *Stearns,* 59 Va. (18 Gratt.) 18, from which the appellant quotes extensively, resembles the Texas case above cited in the respect that the amended statute therein referred to suspended the time within which the beneficiary under the trust deed there in question could exercise his rights after default for a longer period than that provided for in the trust deed and thus affected the substantial rights of the parties to the trust deed. These cases have no application to the facts of the instant case, wherein the only question presented relates to the form of notice required for the trust sale. It is to be noted in this connection that the provisions in the trust deeds here under review are in exact conformity with the provisions of section 2924 of the Civil Code as that section read prior to its amendment in 1923 with respect to notices of sales of property under powers of sale conferred upon mortgagees, trustees, or other persons to be exercised after breach of the obligation which the mortgage or other transfer secures. This section of the Civil Code, in so far as it relates to notices of sales under mortgages and trust deeds, was in force at the time of the execution of the trust deeds here in question, and its provisions were incorporated *in haec verba* in these trust deeds. This being so, we are of the opinion that the principle above referred to as declared in the cases of *James* v. *Stull* and *Webb* v. *Lewis,* above cited, is to be given full application to the case at bar, and hence that the amendment to section 692 of the Code of Civil Procedure enacted

in 1923, wherein it was expressly provided that in case of sales of real property under the provisions of a deed of trust a copy of the notice of such sale "shall be posted in some conspicuous place on the property to be sold" must be given application to sales under trust deeds subsequent to said amendment, and hence to the sales under the trust deeds assailed in this case. By such amendment no substantial rights of the parties were affected, nor was the time within which the contractual rights of the parties thereto either enlarged or diminished. The amendment merely designated a definite place upon which one of the notices required to be given under the statute as it read prior to such amendment should be posted. It was purely a remedial and procedural provision which did not enlarge, but only defined the duty of beneficiaries under deeds of trust as to the posting of notices of sale thereunder for the further protection of the obligors under such instruments. It was therefore such a change of the statute as to be not only within the power of the legislature, but also to be held to be within the contemplation of the parties when they incorporated in these deeds of trust the provision substantially that sales thereunder were to be made in accordance with law.

As to the second contention of the appellant that the amendment to section 692 of the Code of Civil Procedure made in 1923 is not to be given retroactive effect, we think that such contention has been sufficiently answered by the views heretofore expressed in this opinion, since such a procedural amendment would not be retroactive in its application to remedies yet to be invoked at the time of the adoption thereof if, as herein held, the contracts of the parties contemplated such changes in statutory procedure as might occur prior to the enforcement of the obligation.

It follows that the judgment must be affirmed, and it is so ordered.

Preston, J., Curtis, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.