MARY F. McGREEVEY *vs.* CHARLESTOWN FIVE CENTS SAVINGS BANK.

Suffolk. April 6, 1936. — May 27, 1936.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Mortgage,* Of real estate: foreclosure.

An attempted foreclosure of a mortgage of land in Medford in Middlesex County by advertisement and sale in Medford was void, notwithstanding the provision of G. L. (Ter. Ed.) c. 244, § 14, requiring publication "in the town where the land lies," if the mortgage contained the additional requirements that a foreclosure sale should be advertised in Suffolk County and held in Boston.

A void sale in foreclosure of a mortgage of real estate gave no right of action to the owner of the equity of redemption against the mortgagee.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated November 30, 1934.

The action was heard by *Bolster,* C.J., who found for the defendant. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*W. Hartstone,* (*H. N. Hartstone & F. Labovich* with him,) for the plaintiff.

*R. H. Bond,* for the defendant, submitted a brief.

CROSBY, J. This is an action of contract or tort — the plaintiff being in doubt as to which class of action her cause

belongs — in which damages are sought for failure of the defendant to exercise properly the power of sale contained in a mortgage of real estate.

The declaration is in four counts. Count 1 recites in substance that the plaintiff, on or about November 1, 1933, was the owner of a one-third undivided interest in a parcel of land situated in Medford in this Commonwealth; that the defendant was the holder of a mortgage covering the land; that, for breach of condition, the defendant undertook to foreclose the mortgage under the power of sale contained therein which authorized the defendant to sell by public auction in Boston, first inserting notice of the time and place of sale in a newspaper published in Suffolk County; that the defendant did not sell the property under the power by public auction in Boston, nor publish notice in Suffolk County; and that the property was sold for much less than its value, and for much less than it would have brought at a fair sale if the power had been properly exercised. Count 2 recites substantially the same facts but adds that the mortgagee in making the sale acted entirely for its own interest, in utter disregard of its duty to the plaintiff. Counts 3 and 4 recite substantially the same facts.

There is no dispute as to the facts, and it is stipulated that the findings made by the judge were warranted. He found that "In 1912, one Spinney mortgaged to the defendant for $2,000 certain land in Medford. The recorded mortgage contained a power of sale by public auction in Boston upon notice in a newspaper published in Suffolk County. Spinney's title to the equity of redemption came to John McGreevey who died intestate in 1933, leaving as his heirs two sons, James and John, and the plaintiff. James was appointed administrator. After their father's death, the two sons occupied the house. The plaintiff's relations with them were unfriendly. She knew the property was mortgaged, but did not communicate with the defendant about payments falling due or advise the defendant of her interest, and the defendant did not know of that interest. On December 18, 1933, the defendant

attempted to foreclose its mortgage for default in principal, interest and nonpayment of the taxes for 1932 and 1933. Advance notices of the sale were sent by registered mail to the home addressed to John, James and 'estate of John McGreevey.' The only newspaper publication was in the Medford Mercury, a newspaper published and circulated in Medford. The sale was advertised for and held on the premises. The claim of the bank amounted to $1,133, the property being sold subject to unpaid taxes. The only bid was for that amount made by James McGreevey and it was deeded to him at that figure on December 22, 1933. He has since mortgaged it to another. The plaintiff first learned of the sale in May, 1934. I find the fair value of the property at the time of the sale was $4,500. I do not find any bad faith on the part of the defendant or any collusion with James McGreevey. There was no evidence, other than that [of] the sale price and the fair value, upon which an assessment of damage could be made."

At the close of the evidence, the plaintiff made the following requests for rulings: "1. Under the provisions of G. L. c. 244, § 14, the defendant was required to give notice and hold the sale in accordance with the provisions of said statute, together with such other or further provisions as required by the terms of the mortgage. 2. The defendant's failure to publish notice of the foreclosure in a newspaper published in Suffolk County was a failure to perform its duty in the execution of the power of sale. 3. The defendant's failure to hold the sale in Boston was a failure to perform its duty in the execution of the power of sale. 4. The defendant's failure to publish the notice of sale in a newspaper published in Boston, and failure to hold the sale in Boston, constituted an 'improper exercise of' the power of sale contained in the mortgage. 5. The plaintiff is entitled to recover damages for the improper execution of the power of sale contained in the mortgage. 6. If the court finds that the notice of sale was not published in accordance with the terms of the mortgage, nor sale held at the place designated in the mortgage, then the

plaintiff is entitled to recover damages for the injury suffered thereby. 7. The plaintiff has an election of remedies for breach of duty or improper exercise of the power of sale, to wit: (1) To redeem from the sale, or (2) To ratify the sale by bringing action to recover damages." *

The judge found for the defendant. The report contains all the evidence material to the questions reported. As the plaintiff claimed to be aggrieved by the rulings and refusals to rule as requested, the case was reported by the trial judge to the Appellate Division, which made a final order dismissing the report. The plaintiff appealed. The question presented is, Has there been a valid sale of the property under the power contained in the mortgage?

G. L. (Ter. Ed.) c. 244, § 14, provides in part as follows: "The mortgagee, or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person, may, upon breach of condition and without action, do all the acts authorized or required by the power; but no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper, if any, published in the town where the land lies. . . ." In *Rogers* v. *Barnes*, 169 Mass. 179, at page 181, it was said: "It also appeared that, so far as the records showed, the foreclosure was apparently proper in form." In the present case, however, the recital

---

* The trial judge filed the following memorandum on the requests for rulings. "1. Given. 2. Given as modified. (Ruling modified by court to read as follows:) 'The defendant's failure to publish notice of the foreclosure in a newspaper published in Suffolk County was a failure to comply with the conditions of the power of sale.' 3. Given as modified: 'perform its duty' crossed out. 'comply with the conditions' substituted. 4. Given as modified: 'improper exercise of' crossed out and 'invalid attempt to exercise' substituted. 5. Refused. This is no execution, not an improper one. 6. Refused. See 5 and findings. The plaintiff's only claim is for the value of her one-third equity and only on that was evidence of damage given. 7. If the sale had operated or had exhausted the power, yes, but this is a case of no sale at all, and that fact stands out on the recorded papers. *Chase* v. *Morse*, 189 Mass. at 561." — REPORTER.

in the mortgage provided that the sale should be advertised and held in Suffolk County. This court has said that "the general rule is that conditions precedent to the execution of a power of sale must be strictly complied with." *Rogers* v. *Barnes, supra,* at page 184. It was said in *Moore* v. *Dick,* 187 Mass. 207, at pages 211–212: "It is familiar law that one who sells under a power must follow strictly its terms. If he fails to do so there is no valid execution of the power and the sale is wholly void. . . . The manner in which the notice of the proposed sale shall be given is one of the important terms of the power, and a strict compliance with it is essential to the valid exercise of the power. . . . A purchaser under a power of sale must see to it at his peril that there has been a compliance with the legal and essential terms of the power. If there has not been, then he is not protected whether acting in good faith or not." In view of the subsidiary findings of the trial judge his ultimate finding for the defendant was warranted. The manner in which he dealt with the plaintiff's requests for rulings fails to show any error of law. In dealing with the plaintiff's seventh request he ruled in substance that it was not applicable to the facts, as there had been "no sale at all, and that fact stands out on the recorded papers." The Appellate Division held that there had been no exercise of the power of sale, and no actionable breach of any duty owed by the defendant to the plaintiff.

As no error of law appears, the entry must be

*Order dismissing report affirmed.*