[Civ. No. 16983.   Second Dist., Div. Three.   Jan. 26, 1950.]

EVA M. MACK, as Guardian, etc., Appellant, v. MARIE TETER GOLINO et al., Respondents.

Hugh E. Macbeth, Hugh E. Macbeth, Jr., and Chiyoko Sakamoto for Appellant.

Myron W. Silverton for Respondents.

WOOD, J.—Action to set aside a trustee's sale of real property under the provisions of a trust deed. Judgment was for defendants, and plaintiff appeals.

Appellant contends that the sale was invalid because there was no proper publication of notice of sale; and that the evidence was insufficient to support the finding that the sale was regularly conducted.

The trust deed (which was a second trust deed) was executed on November 4, 1946, by Caroline C. Starr in favor of

defendants to secure the payment of a promissory note for $564.58, which note was payable 90 days after said date. On March 13, 1947, defendants caused a notice of default to be recorded. On June 17, 1947, a notice of trustee's sale was sent by mail to Mrs. Starr, and a notice of the sale was posted on the property. A notice of the sale was published in a newspaper, duly authorized to publish such a notice, on June 20, June 27, and July 4, 1947. Those notices recited that the sale would be held on July 7, 1947, at 10 a. m., at the east entrance of the Hall of Justice in Los Angeles. On said July 7th, the defendants authorized the trustee, upon the request of Mrs. Starr, to postpone the sale for two months. A representative of the corporation, which was the trustee, testified that the trustee postponed the sale for two months from said July 7th. It does not appear, however, in what manner the postponement was made. The defendants sent a letter, dated September 15, 1947, to the trustee wherein they asked the trustee to proceed with the sale, and they also stated therein "I will try to attend the sale if you are able to hold it on Wednesday, September 17th." The said representative also testified that the sale was held on September 17, 1947; that Mrs. Marie Golino was at the sale; and that, "There were no bidders, so it was sold to Mrs. Teter [Golino] for the actual indebtedness against the deed of trust."

On March 12, 1947, a petition for the appointment of a guardian of the estate of Mrs. Starr, an alleged incompetent person, was filed. On August 15, 1947, it was adjudged that she was incompetent, but the guardian appointed on that date did not qualify as such guardian. On October 8, 1947, the present guardian was appointed, and on that date she qualified as guardian. This action by said guardian was filed on November 6, 1947. At the time of the sale herein, the unpaid amount of the first trust deed on said property was $1,166.68. The appraised value of the property on January 12, 1948, according to an appraisal in the guardianship proceeding, was $7,500.

Section 2924 of the Civil Code provides in part that a power of sale of real property, under the provisions of a trust deed, shall not be exercised until the trustee "shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that required by law for sales of real property upon execution." Section 692 of the Code of Civil Procedure provides among other things that before the sale of property on execution or under power contained in

any deed of trust, notice of the time and place of sale of real property must be published once a week for a period of at least 20 days before the date of sale, in a newspaper of general circulation printed and published in the city in which the property is situated. As above stated, the notice of sale herein was first published on June 20, 1947, and the notice recited that the sale would be held on July 7, 1947. It appears therefore that the notice was not published "at least twenty days before date of sale," but was published 17 days before the date of sale. That notice was defective in that it was not published for a sufficient length of time prior to July 7th. Under the circumstances in the present case, the defect in the publication of notice did not render the sale void. The sale herein was not made on July 7th, the date fixed in the notice, but the date of sale was postponed on July 7th to September 7, 1947, at the request of Mrs. Starr and by reason of her promise to pay the amount secured by the second trust deed.

It was not alleged in the complaint herein that the publication of notice of sale was insufficient. The question as to the insufficient publication of notice was not raised at the trial, nor upon the motion for a new trial. There was no appearance on behalf of plaintiff at the hearing of the motion for a new trial. The finding of the trial court that the sale was regularly conducted includes an implied finding that under the circumstances here the publication was sufficient. The circumstances herein show that Mrs. Starr waived the defect in the publication of the notice. Mrs. Starr had not been adjudged incompetent at the time of said request and said postponement of the sale. The trial court found that at all times prior to August 15, 1947 (when she was adjudged incompetent), she was a competent person and that she had a full understanding of her rights and understood the nature and effect of what she did.

The sale was postponed again from September 7, 1947, to September 17, 1947, and the sale was made on said September 17th. It does not appear in what manner the postponement was made. The trust deed provides that the trustee may postpone a sale by public announcement at the time fixed for the sale. A trustee's sale may be postponed validly in such a manner. (*Holland* v. *Pendleton Mtge. Co.*, 61 Cal. App.2d 570, 574 [143 P.2d 493].) The trust deed also provides that "The recitals in such deed [trustee's deed] of any matters or facts shall be conclusive proof of the truthfulness thereof." Such a provision "is valid and the recitals

made in pursuance of it are conclusive, in the absence of grounds for equitable relief." (*Holland* v. *Pendleton Mtge. Co., supra,* p. 576.) The trustee's deed recites that the "sale was duly postponed to Wednesday, September 17, 1947, at 10:00 o'clock A.M. of said day." In the case of *Leonard* v. *Bank of America etc. Assn.,* 16 Cal.App.2d 341 [60 P.2d 325], the plaintiff contended that the trustee's sale under a trust deed was void for the reason that the notice of sale was not properly posted. In that case the trust deed contained a provision, similar to the provision in the trust deed herein, to the effect that the recitals in the trustee's deed shall be conclusive proof of the truthfulness of the recitals. The trustee's deed in that case recited that the trustee gave notice of sale in compliance with the terms of the trust deed. The court therein said at page 345: "The covenant just quoted [referring to said provision in the trust deed], and the recitals of the deed executed in pursuance thereof conclusively estop the plaintiff from claiming in respect to any matter embraced in said covenant or in the said recitals, that this was a void sale." It is not contended that Mrs. Starr was not competent when she made the trust deed on November 4, 1946. The court found that she was competent at that time. By reason of the provision in the trust deed herein to the effect that the recitals in the trustee's deed shall be conclusive proof of the facts recited therein, it must be concluded that the "sale was duly postponed" to September 17, 1947. The sale was not void.

Even if the sale should be regarded as voidable, it appears that a tender of the amount due on the obligation was not made. The complaint alleged that about May 9, 1947, Mrs. Starr tendered the full amount of principal and interest to defendants; and that she "is still ready, willing and able to perform said restitution." The court found that said allegations were not true. Therefore, even if the sale should be regarded as voidable, it should not be set aside since the plaintiff failed to offer to do equity. In the case of *Leonard* v. *Bank of America etc. Assn., supra,* it was said at page 346: "[I]f the said sale be for any reason treated as voidable, nevertheless plaintiff is in no event entitled to have the same set aside through her own complete failure to offer to do equity."

The judgment is affirmed, and the appeal from the order denying motion for a new trial is dismissed.

Shinn, P. J., and Vallée, J., concurred.