MARY W. BOTTOMLY & another *vs.* MARVIN KABACHNICK.

Middlesex.   November 9, 1981. — April 26, 1982.

Present: GREANEY, ROSE, & PERRETTA, JJ.

*Mortgage*, Real estate, Foreclosure.

Where an advertisement of a mortgage foreclosure sale had failed to state
the name of the holder of the mortgage, the subsequent sale of the
mortgaged property was invalid as matter of law.  [483-484]

Where a mortgage foreclosure sale at which the plaintiffs had made the
high bid of $39,859 was invalid because of defective notice, and where
the plaintiffs made the high bid of $82,000 at a second sale of the same
property and gave a $5,000 deposit after executing a memorandum of
sale, but subsequently refused to pay the balance of the purchase price,
the holder of the mortgage was entitled to retain the $5,000 deposit
under the terms of the memorandum of sale executed by the plaintiffs.
[484]

Where the plaintiffs made the high bid of $39,859 at a mortgage fore-
closure sale which was invalid because of defective notice, where the
plaintiffs subsequently refused to pay the $82,000 they had bid for the
property at a second sale, and where the plaintiffs made the high bid
of $52,500 at a third foreclosure sale, the plaintiffs were not entitled to
receive the difference between the $52,500 actually paid at the final
foreclosure sale and the $39,859 price agreed to at the first foreclosure
sale.  [481-484]

CIVIL ACTION commenced in the Superior Court on March
23, 1976.

The case was reported by *Morse*, J.

*Paul G. Counihan* for the plaintiffs.

*Norman A. Erlich* for the defendant.

ROSE, J.   The plaintiffs brought suit in the Superior Court
against the defendant seeking either specific performance of
a memorandum of sale executed at a mortgagee's foreclo-
sure sale or, in the alternative, money damages resulting
from the alleged failure of the defendant to perform the

sale.[1]  After argument, the defendant's motion for summary judgment was allowed, and the case was reported by the motion judge for a determination of the correctness of the decision.  We hold that the ruling reported to this court is correct, and that summary judgment was properly granted in favor of the defendant.

The case was submitted on a statement of agreed facts. The defendant was, on September 10, 1975, the holder and named mortgagee of a mortgage from Mosaber, Inc., of registered land in Millis, Massachusetts.  The mortgage was to secure the payment of a $30,000 promissory note issued by the plaintiffs to the defendant as well as other indebtedness of a corporation in which the plaintiffs were principal officers.  Following a default under the terms of the mortgage, the defendant commenced foreclosure proceedings. Under a power of sale contained in the mortgage, the defendant advertised the foreclosure sale of the property to be held on September 10, 1975.  An auction sale of the mortgaged property was conducted on that date, at which time the plaintiff John Bottomly made the high bid of $39,859. A memorandum of sale was then executed and Bottomly paid the auctioneer a deposit of $5,000.

On the day after the sale, the attorneys for the parties became aware that the advertisement for the foreclosure sale had failed to state the name of the holder of the mortgage who was conducting the sale.  The attorney for the defendant brought this circumstance to the attention of the chief title examiner of the Land Court, who then advised both parties that the legal notice advertising the mortgage foreclosure sale, as required by G. L. c. 244, § 14, was fatally defective due to the omission of the identity of the present holder of the mortgage; as a result, good title could not be conveyed, the foreclosure sale and deed would not be approved by the Land Court, and the foreclosure deed

---

[1] The plaintiffs' claim against another defendant, who had acted as auctioneer at the foreclosure sale, was dismissed by stipulation of the parties pursuant to Mass.R.Civ.P. 41(a) (1) (ii), 365 Mass. 803 (1974).

would not be received for registration. Pursuant to his interpretation of the memorandum of sale, the defendant declared the sale to be void and returned the $5,000 check that had been given as a deposit at the sale. The return of the deposit was accepted by the plaintiff without any reservation of rights.

Subsequently, a second foreclosure sale was conducted pursuant to a new notice. The plaintiffs made the highest bid, this time for $82,000, and a memorandum of sale was again executed. The plaintiffs gave a $5,000 deposit, but failed to pay the balance of the purchase price within twenty days as required by the memorandum of sale. The plaintiffs offered instead to pay the defendant the price bid at the first sale, that being $39,859. The defendant rejected this offer and, as a result of the failure by the plaintiffs to tender the balance of the purchase price bid at the second sale, declared the sale to be invalid and retained the second $5,000 deposit.[2]

The plaintiffs thereafter commenced this suit seeking specific performance of the first sale or, alternatively, money damages resulting from the defendant's refusal to perform that sale. Subsequently, notice was given for a third foreclosure sale, at which sale the plaintiffs' attorney, acting on their behalf, made the high bid of $52,500 and a memorandum of sale was executed. The foreclosure sale and deed were approved by the Land Court and the foreclosure was duly registered.[3]

---

[2] In the memorandum of sale the plaintiffs had agreed to forfeit the deposit should they "fail to comply with the residue of the terms" of the agreement.

[3] This third foreclosure sale, made subsequent to the commencement of this suit, in effect eliminates the plaintiffs' request for specific performance as a form of relief. Instead, they only seek monetary damages, which, they claim, should be measured by the difference between the $52,500 actually paid at the final foreclosure sale and the $39,859 price agreed to at the first foreclosure sale. In addition, the plaintiffs seek the return of the $5,000 deposit which had been retained by the defendant after the plaintiffs refused to complete the second foreclosure sale.

The plaintiffs argue that the insufficient legal notice which made it impossible for the defendant to convey good title to the plaintiffs at the first foreclosure sale was not the type of defect which, according to the terms of the memorandum of sale, rendered the transaction voidable by either party. They rely on a strict construction of the provision in the memorandum of sale which allowed for the voidability of the sale should certain circumstances occur. The memorandum provided as follows: "Twenty (20) days given to the purchaser to examine title and if upon examination of the record, it shall appear that any material act or thing is necessary to be done or performed in order to perfect the title to said premises that the seller is unable to do or perform within a reasonable time not exceeding thirty (30) days from the date hereof, then the sale to be void at the option of either party." The plaintiffs contend that an actual title examination was required to be performed by the purchaser as a condition precedent to the exercise of this voidability clause, and that, as a result of the lack of such examination, the clause was not applicable. The defendant replies that a title examination would be superfluous in light of the statement to both parties by the chief examiner of the Land Court that good title could not be conveyed, and that, in any event, the memorandum of sale indicated that the sale was voidable by either party if the seller was unable to convey good title to the property, regardless of whether the purchaser had made a full title examination. The defendant also argues that the acceptance by the plaintiffs of the return of the deposit they had made pursuant to the first foreclosure sale constituted a waiver of any rights the plaintiffs may have had under the first memorandum of sale.

We need not decide, however, whether this particular sale was voidable under the terms of the contract, or whether the plaintiffs' acceptance of the return of the deposit constituted an implied waiver of their rights under the first sales agreement. Rather, we hold that the first notice of sale was defective because it failed to identify the holder of the mortgage, thereby rendering the first foreclo-

sure sale void as a matter of law. See *Roche* v. *Farnsworth*, 106 Mass. 509, 513 (1871), where the court invalidated a foreclosure sale because the notice failed to identify the holder of the mortgage. The court held that such a defect in the notice was "inconsistent with the degree of clearness that ought to exist in such an advertisement . . . . [I]t is not an unreasonable strictness to require [the party acting under the power of sale] to state what property he proposes to sell, and who proposes to make the sale, and who advertises it for sale." See also *Moore* v. *Dick*, 187 Mass. 207, 211-212 (1905), where the court, in setting aside a foreclosure sale on account of defective notice, stated: "It is familiar law that one who sells under a power [of sale] must follow strictly its terms. If he fails to do so there is no valid execution of the power and the sale is wholly void . . . [citations omitted]. The manner in which the notice of the proposed sale shall be given is one of the important terms of the power and a strict compliance with it is essential to the valid exercise of the power." *McGreevey* v. *Charlestown Five Cents Sav. Bank*, 294 Mass. 480, 483-484 (1936). *Tamburello* v. *Monahan*, 321 Mass. 445, 447 (1947). Compare *Chace* v. *Morse*, 189 Mass. 559, 561 (1905). According to this line of cases, the first foreclosure sale now in issue must be viewed as a nullity; it is as if no such sale had been made. See *Montague* v. *Dawes*, 96 Mass. 369, 374 (1867); *Moore* v. *Dick*, 187 Mass. at 212. Cf. *Bernhardt* v. *Atlantic Fin. Corp.*, 311 Mass. 183, 191 (1942). Because the first foreclosure sale was void as matter of law, the defendant cannot be found liable to the plaintiffs for breach of contract. See *Levenson* v. *Cambridge Sav. Bank*, 258 Mass. 468, 469 (1927).

Finally, we observe that the $5,000 deposit given by the plaintiffs at the second foreclosure sale was forfeited according to the terms of the memorandum of sale when the plaintiffs "fail[ed] to comply with the residue of the terms of sale." The forfeiture clause in the memorandum was clear and unambiguous, and was triggered by the plaintiffs' refusal to pay the remainder of the purchase price. The deposit was properly retained by the defendant.

The ruling reported to this court which allowed the defendant's motion for summary judgment was correct. The case is remanded to the Superior Court for judgment consistent with this opinion.

*So ordered.*