[No. H000707. Sixth Dist. Mar. 21, 1986.]

EDWARD L. BALLENGEE et al., Plaintiffs and Appellants, v.
TIMOTHY C. SADLIER et al., Defendants and Respondents.

**COUNSEL**

Robert W. Tuttle for Plaintiffs and Appellants.

Murphy, Williams, Stevens, Book, Atack & Thompson and Robert B. Atack for Defendants and Respondents.

**OPINION**

**BRAUER, J.**—Plaintiffs Edward L. Ballengee et al. (referred to collectively as Ballengee herein) appeal from a judgment against them on their complaint for money due under a promissory note. For reasons discussed below, we affirm the judgment.

FACTS

Ballengee loaned money to Timothy and Judy Sadlier (Sadlier). Sadlier executed a promissory note for $70,000 secured by a second deed of trust on real property in Santa Cruz County. The existing first deed of trust was in favor of Crocker National Bank (Crocker). Sadlier subsequently defaulted on payments on both the first and the second. Ballengee instituted foreclosure proceedings under the power of sale contained in the deed of trust. Shortly thereafter Crocker also filed its notice of default.

On November 19, 1982, pursuant to a notice of trustee's sale, Ballengee's trustee conducted a public sale on the steps of the county offices. The amount of the opening bid by Ballengee was $79,237.52. No other bidders appearing, the trustee then issued his "Declaration of Trustee's Sale" declaring under penalty of perjury that he did sell the property on that day to the foreclosing beneficiary for $79,237.52. A trustee's deed conveying the property to Ballengee was prepared by the trustee, but never executed.

On March 22, 1983, Crocker's trustee conducted its public sale of the property under the power of sale contained in the first deed of trust. Crocker

made a credit bid of $117,778.78 which, again, was the only bid. Crocker then took title to the property by a trustee's deed dated March 23, 1983.

## DISCUSSION

Following these events Ballengee filed suit against Sadlier to collect on the promissory note. Sadlier raised Code of Civil Procedure section 580d as an absolute bar to the action. This section, one of the "antideficiency" statutes, provides as follows: "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust." Ballengee counters that 580d does not apply to him. He claims the property was not "sold" to him since the trustee's deed was never executed and delivered. Thus, he argues, at the time Crocker purchased the property he was technically still a junior lienholder and not an owner. ■ As a "sold out junior," his security rendered valueless by the trustee's sale to Crocker, he would be entitled to proceed directly against Sadlier on the promissory note. (*Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97].) The crucial question is therefore whether Ballengee's trustee's sale constituted a sale of the property to Ballengee. We hold that it did. Consequently section 580d applies to bar him from proceeding against Sadlier on the promissory note.

■ The strongest evidence supporting our conclusion that the sale of the property to Ballengee was in fact consummated on the courthouse steps is the trustee's own declaration. This document reads: "On November 19, 1982 at 11:00 o'clock A.M. at the Front Entrance to the County Offices, 701 Ocean Street, Santa Cruz, CA. County of Santa Cruz, State of California, I did read the attached Notice of Trustee's Sale and I did offer for sale at public auction to the highest bidder for cash, in lawful money of the United States, certain real property described in the attached notice. [¶] At said sale, I did sell said real property to Foreclosing Beneficiary Allsafe Properties Inc. [representing Ballengee] for the sum of $79,237.52, said Beneficiary being the highest and best bidder therefor. [¶] I declare under the penalty of perjury that the foregoing is true and correct." Since the property was actually sold at that moment, subsequent execution of the trustee's deed evidencing the transfer of title was merely a ministerial act.

This comports with Civil Code sections 2924g and 2924h which outline the procedure involved in a trustee's sale. Section 2924h provides that once the bidding is open, each bid constitutes "an irrevocable offer." Acceptance of the bid signals "the completion of the sale." The trustee may postpone the sale at any time before its completion or may reject all bids. In either

of these events he is to issue a public "Declaration of Postponement." (Civ. Code, § 2924g.) Otherwise he issues the "Declaration of Trustee's Sale," as he did in our case, indicating the sale is complete.

■ Furthermore, once the bidding ends, the trustor has no redemption rights. Since the trustor's rights under the security instrument are cut off, it follows that his obligations under the promissory note likewise cease to exist. Indeed there is authority for the proposition that the trustor can compel the trustee to cancel the note following a trustee's sale. In the case of *Kerivan* v. *Title Ins. & Trust Co.* (1983) 147 Cal.App.3d 225 [195 Cal.Rptr. 53] the trustee foreclosed on a deed of trust affecting real property in California. The promissory note however had been executed in Colorado, a state which allows deficiency judgments. Upon completion of the sale the trustee did not cancel the note but rather delivered it to the beneficiary who then proceeded to obtain a deficiency judgment against the trustor in Colorado. The court distinguished this situation from cases such as ours where both instruments are executed in the same state, finding that where the laws of California apply to both the promissory note and the deed of trust, "the trustee under a deed of trust has a duty to cancel the note following a nonjudicial foreclosure." (*Id.*, at p. 231.)

■ Ballengee's position, that the beneficiary and the trustee can between them hold the completion of the sale in abeyance in order to preserve the beneficiary's status as a lienholder, entirely disregards the trustor's rights. The trustee in this context is not a mere seller, able to effect a mutual rescission with a buyer. He is the agent of all parties to the deed of trust and owes duties to the trustor as well as to the beneficiary. (*Id.*, at p. 229.) The trustee declared under penalty of perjury that he had sold the property to Ballengee. Sadlier was entitled to conclude that the sale resulted in a complete forfeiture of his interest in the property, the corresponding termination of his duty to make payments and an end of exposure to liability incident to ownership. Any side agreement to the contrary between Ballengee and the trustee is therefore without effect and indeed amounts to a breach of the trustee's fiduciary duties under the deed of trust.

We hold that the public sale conducted by Ballengee's trustee on the courthouse steps constituted a completed sale of the property, regardless of the fact that no trustee's deed was executed. The full credit bid by Ballengee resulted in a total satisfaction of the secured obligation and extinguishment of the lien. (*Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590, 606 [125 Cal.Rptr. 557, 542 P.2d 981].) Section 580d unequivocally provides that where real property has been sold under power of sale contained in a deed of trust, no judgment may be rendered for any deficiency on the underlying promissory note.

The judgment is affirmed.

Agliano, Acting P. J., and O'Farrell, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied July 9, 1986.

---

*Assigned by the Chairperson of the Judicial Council.