[No. B015176. Second Dist., Div. One. Jan. 27, 1987.]

WILLIAM LITTLE et al., Plaintiffs and Appellants, v.
CFS SERVICE CORPORATION et al., Defendants and Respondents.

COUNSEL

Rich & Ezer and Mitchel J. Ezer for Plaintiffs and Appellants.

McKenna, Conner & Cuneo, Aaron M. Peck, Terry O. Kelly and Jane F. Reid for Defendants and Respondents.

OPINION

**LUCAS, Acting P. J.**—Plaintiffs Little and Darmiento appeal from the decision of the court in a nonjury trial that the foreclosure sale at which their bid to purchase real property had been accepted was an attempted sale which was wholly void and which cannot be the basis for a cause of action for damages for breach of contract. We affirm the judgment.

## FACTS

The following facts are based on a stipulation by the parties. Additional facts are included in the discussion.

On July 25, 1978, Culver Federal Savings and Loan Association, a predecessor of defendant Coast Savings (Coast) made a real estate loan to Charles Gotanda (Gotanda) in the amount of $130,000, which was secured by a first trust deed on Gotanda's single family residence. Approximately five years later, in May of 1983, Gotanda permitted various defaults to occur under the deed of trust, and Coast, through defendant CFS Service Corpora-

tion (CFS) as its trustee, commenced foreclosure proceedings by recording a notice of default in August of 1983. After Gotanda had failed to cure the defaults during the 90-day statutory reinstatement period, a sale date was eventually set for January 6, 1984.

On the morning of Friday, January 6, 1984, a foreclosure sale was commenced as scheduled at the offices of California Posting and Publishing Company, a company which was conducting the foreclosure sale as agent of CFS. Despite the fact that the secured indebtedness owing to Coast amounted to $135,088.35, substantially less than the actual value of the real property security, neither trustor Gotanda, nor the holder of a subordinate trust deed in the amount of $300,000, nor a judgment creditor for $348,137.83 appeared to bid at the sale. As a result, the bid of plaintiff Frank Darmiento, as agent for plaintiff William Little, for $135,089 was the high bid. The value of the property was approximately $360,000.

Following the sale, CFS commenced a re-review of all records to ensure that all statutory requirements, including the giving of all required notices, had been fully satisfied. It was at this point, on Tuesday, January 10, that CFS first discovered that, through a clerical oversight or computer error, notices of the intended sale on January 6, 1984, had never been sent to Gotanda, to the junior lienor, or to the judgment creditor. Upon discovering this error, CFS immediately explained the error to Mr. Darmiento, returned the unnegotiated checks which had been tendered by him (together with interest thereon), refused to issue a trustee's deed, and announced its intention to renotice the sale.

This action was prepared and filed on January 19, 1984, and, after it was served and the identity of Coast's attorneys ascertained, on January 25, 1984, plaintiffs formally retendered the checks to Coast's counsel. The tender was refused.

## ISSUES

1. Was the sale void because of lack of notice to the trustor, the junior lienor, and the judgment creditor?

2. Did the trustee, after discovering the lack of notice and returning plaintiffs' money, properly refuse to issue a deed to plaintiffs?

3. Were plaintiffs entitled to damages other than interest on their money for the period it was retained by defendants?

## Was the Voidness Issue Properly Before the Trial Court?

Plaintiffs preliminarily contend that the issue of whether the contract was void or voidable was never properly before Judge Bigelow at trial because Judge Torres had previously decided that the contract was not void when he ruled on defendants' motion for summary adjudication of issues. Plaintiffs are correct in this assertion, but upon appeal from the judgment of the trial court, the issue of whether or not the contract is void or voidable is now properly before us for review. (*Barth-Wittmore Ins.* v. *H. R. Murphy Enterprises, Inc.* (1985) 169 Cal.App.3d 124, 136 [214 Cal.Rptr. 894].)

## Discussion

"The word 'void,' in its strictest sense, means that which has no force and effect, is without legal efficacy, is incapable of being enforced by law, or has no legal or binding force, but frequently the word is used and construed as having the more liberal meaning of 'voidable.' " (Black's Law Dict. (5th ed. 1979) p. 1411, col. 2.) "Voidable" is defined as "[t]hat which may be avoided, or declared void; not absolutely void, or void in itself. . . ." (*Ibid.*)

Another term frequently used in cases dealing with sales under trust deeds is "invalid," which is defined in Black's as "Vain; inadequate to its purpose; not of binding force or legal efficacy; lacking in authority or obligation." (*Id.,* at p. 739, col. 2.)

In many of the cases, *void, voidable,* and *invalid* appear to be used interchangeably. Examples of cases in which the terminology is difficult to understand are *Seccombe* v. *Roe* (1913) 22 Cal.App. 139 [133 P. 507] and *Mack* v. *Golino* (1950) 95 Cal.App.2d 731 [213 P.2d 760].

The general rule in the United States on voidness or voidability of sale is set out in 55 American Jurisprudence Second: "[D]efects and irregularities in a sale under a power render it merely voidable and not void. . . . However, substantially defective sales have been held void where the defect lay in a particular as to which the statutory provision was regarded as mandatory. . . ." (55 Am.Jur.2d, Mortgages, § 746, p. 673.) "A sale under a power in a mortgage without reasonable notice will be set aside." (*Id.,* § 775, p. 691.)

In our research as to the circumstances in which California courts have determined sales under a deed of trust to be either void or voidable for notice defects, we have found no case which presents our precise factual pattern. No case draws a bright line between a major and a minor notice defect so as to dictate a certain result. A full range of notice defects is alleged in both

lines of cases, from no notice of any kind of the ultimate sale date (*Pierson v. Fischer* (1955) 131 Cal.App.2d 208 [280 P.2d 491], "voidable"; *Holland v. Pendleton Mtge. Co.* (1943) 61 Cal.App.2d 570 [143 P.2d 493], "void") to inadequate posting on the property to be sold (*Leonard v. Bank of America etc. Assn.* (1936) 16 Cal.App.2d 341 [60 P.2d 325], "voidable"; *United Bank & Trust Co. v. Brown* (1928) 203 Cal. 359 [264 P. 482], "void").

Although the extent of the defect is not determinative, what seems to be determinative is the existence and effect of a conclusive presumption of regularity of the sale. A deed of trust, which binds the trustor, may direct the trustee to include in the deed to the property recitals that notice was given as required under the deed of trust and state that such recitals shall be conclusive proof of the truthfulness and regularity thereof.

Where there has been a notice defect and *no* conclusive presumption language in the deed, the sale has been held void. (*Scott v. Security Title Ins. & Guar. Co.* (1937) 9 Cal.2d 606 [72 P.2d 143]; *United Bank & Trust Co. v. Brown, supra,* 203 Cal. 359; *Standley v. Knapp* (1931) 113 Cal.App. 91 [298 P. 109]; *Seccombe v. Roe, supra,* 22 Cal.App. 139.)

Where there has been a notice defect and conclusive presumption language in a deed *along with* recitals as to the various postponements of a sale, the court has held the sale void on the basis that the deed showed that proper notice could not have been given. It has been held that the recitals of the postponement dates were controlling rather than the recitals as to the regularity of the notice. (*Holland v. Pendleton Mtge. Co., supra,* 61 Cal.App.2d 570, 576-577.)

Where there has been a notice defect and conclusive presumption language in the deed, courts have characterized the sales as "voidable." (*Lancaster Security Inv. Corp. v. Kessler* (1958) 159 Cal.App.2d 649 [324 P.2d 634]; *Pierson v. Fischer, supra,* 131 Cal.App.2d 208; *Mack v. Golino, supra,* 95 Cal.App.2d 731; *Leonard v. Bank of America etc. Assn., supra,* 16 Cal.App.2d 341.) The trustor wishing to set aside a "voidable" sale must prove to the trial court that the conclusive presumption language does not apply to the sale either because there are grounds for equitable relief, such as fraud related to the provision, or because the conclusive presumption does not apply to the buyer, often on the basis that the buyer is not a bona fide purchaser for value. The trustor may then attempt to prove defective notice. (*Wolfe v. Lipsy* (1985) 163 Cal.App.3d 633, 639-640 [209 Cal.Rptr. 801]; *Lancaster Security Inv. Corp. v. Kessler, supra,* 159 Cal.App.2d 649, 655.)[1]

---

[1]Many notice defect cases do not even address the question of whether the sale was void or voidable. In these cases the trustor was precluded from challenging the sale by conclusive

■ In our case, the trust deed provided that in the deed to the property to be prepared by the trustee, "The recitals in such Deed of any matters, proceedings and facts shall be conclusive proof of the truthfulness and regularity thereof." Although conclusive presumption language was directed to be included in the trustee's deed, that deed was never prepared, executed or delivered. The trustee discovered the notice defect before completing the transaction by preparation and delivery of the deed; in the absence of the proper notice, the trustee was not required to prepare and deliver a deed containing the conclusive presumption language required by the trust deed. (See *Bayer* v. *Hoagland* (1928) 95 Cal.App. 403, 408 [273 P. 58].) ■ Since the deed was neither prepared nor delivered, any language regarding presumptions of regularity of notice of sale which would have been contained therein did not take effect. Thus there is no conclusive presumption that the sale was properly noticed. This factor aligns our case with those that have held sales with defective notice void.

■ We are satisfied with this result under the particular facts before us. Under both the trust deed and under statute, our case involves a very substantial notice defect, the complete lack of notice to the trustor, the junior lienor, and the judgment creditor. The trust deed requires that prior to conducting a trustee's foreclosure sale the trustee is to give "notice of sale . . . as then required by law." The relevant statute, Civil Code section 2924b, subdivision (2)(b), provided (and now provides, renumbered as 2924b, subd. (b)(2)): "(2) Mailing notices to persons who request copy. The mortgagee, trustee, or other person authorized to record the notice of default *shall* do each of the following:

" . . . . . . . . . . . . . . . . . .

"(b) At least 20 days before the date of sale, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice of the time and place of sale, addressed *to each person whose name and address are set forth in a duly recorded request therefor,* directed to the address designated in the request *and to each trustor* or mortgagor at his last known address if different than the address specified in the deed of trust or mortgage with power of sale." (Italics supplied.)

---

presumption language as to the regularity of notice in the executed and delivered deed. (*Sorensen* v. *Hall* (1934) 219 Cal. 680, 682-683 [28 P.2d 667]; *Pierson* v. *Fischer, supra,* 131 Cal.App.2d 208, 217; but see *Garfinkel* v. *Superior Court* (1978) 21 Cal.3d 268, 279, fn. 16 [146 Cal.Rptr. 208, 578 P.2d 925]; and see also Civ. Code, § 2924, which provides that notice recitals in deeds shall constitute prima facie evidence of compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.)

In the instant case, the junior lienor and judgment creditor had duly filed for notice under 2924b, subdivision (2)(b). They and the trustor could reasonably rely on the statutory scheme to give them sufficient notice to enable them to take steps to protect their various interests in the property to be sold. No notice at all was given. The lack of notice was clearly substantial and prejudicial.

When the trustee discovered the clerical notice error within a few days of the sale, it acted promptly by notifying the plaintiffs of the error and returning to them the moneys paid with interest. Plaintiffs were restored to their original position. ▮▮▮ As we noted above, until proper notice had been given, the trustee should not have been required to prepare, execute and deliver a deed containing the conclusive presumption language which would incorrectly recite that notice had been properly given as required by law.

▮▮▮ In sum, this case involves a serious notice defect which was directly prejudicial to individuals who could reasonably have relied on the statutory notice requirements for protection of their interests; a prompt halt to completion of the transaction as soon as the notice defect became evident; and an immediate restoration of the parties to the status quo, including payment of interest to the purported buyer for the time during which his money was unavailable to him for his use. No conclusive presumption has arisen which would prevent any party from challenging the giving of proper notice. Under all these circumstances, the trial court properly declared the purported sale to be void.

We find support for this position in *Scott* v. *Security Title Ins. & Guar. Co., supra,* 9 Cal.2d 606, the last Supreme Court case to address the notice issue. In *Scott,* after bids had been received, the trustee stopped a sale when the fact that the required posting of notice on the property had not occurred was brought to its attention. The trial court held that the attempted sale without legal notice was void. The Supreme Court affirmed. In its decision, the Supreme Court chose to follow the Massachusetts rule set forth in *McGreevey* v. *Charlestown Five Cents Sav. Bank* (1936) 294 Mass. 480 [2 N.E.2d 543], which had held a completed sale null and void in the absence of legal notice. *McGreevey* is still good law today. (*Bottomly* v. *Kabachnick* (1982) 13 Mass.App. 480 [434 N.E.2d 667].)

Our case bears strong similarities to *Scott.* In both cases the trustee recognized that legal notice of the sale had not been given and the trustee sought to correct the defect by renoticing the sale. We recognize that in *Scott* the corrective action occurred prior to the acceptance of a bid, where in our case it occurred after the high bid was accepted. However, in both cases, the

corrective action was taken before the trustee had completed the sale, that is, before preparation, execution and delivery of the deed.

Plaintiffs argue that under *Ballengee* v. *Sadlier* (1986) 179 Cal.App.3d 1 [224 Cal.Rptr. 301], a sales contract was created and that the failure to prepare, execute and deliver the deed was a mere ministerial act. We believe that *Ballengee* should be limited to its facts: an unsuccessful attempt by a junior lienor to circumvent an antideficiency statute by arranging for his trustee to withhold execution and delivery of the deed to him after he had purchased at his own sale.

■ In the case at bar, the sales contract is void because of substantial and prejudicial defective notice. A void contract cannot be given any effect whatever. (*Progressive etc. Bureau* v. *Whealton* (1944) 62 Cal.App.2d 873, 876 [145 P.2d 912].) It binds no one and is a mere nullity. (*Guthman* v. *Moss* (1984) 150 Cal.App.3d 501, 507 [198 Cal.Rptr. 54].) Plaintiffs' moneys were refunded with interest. No other damages are due under the facts of this case.

CONCLUSION

Because notice of the sale was not given to the trustor, junior lienor, and judgment creditor, each of whom had substantial potential claims to the property, as required by the deed of trust and by statute, and because the conclusive presumption regarding the giving of proper notice did not arise as the trustee's deed of sale was never prepared, executed and delivered to the plaintiffs, we hold that the purported sale is void.

DISPOSITION

The judgment is affirmed.

Devich, J., and Woods (N. F.), J.,* concurred.

A petition for a rehearing was denied February 23, 1987, and appellants' petition for review by the Supreme Court was denied April 16, 1987. Eagleson, J., did not participate therein.

---

*Assigned by the Chairperson of the Judicial Council.