HUMES, J.,*
Concurring. — I agree with the majority that we must sustain the trial court’s grant of the demurrer to Bhika Ram and Asharfun Nisha Hafiz’s complaint because the complaint failed to allege sufficient prejudice. The complaint was filed long after the foreclosure sale, and its allegations do not support a reasonable inference that the sale could have been avoided if the alleged statutory violation had never happened. But I disagree with the majority’s conclusion that the complaint insufficiently alleged that Aztec Foreclosure Corporation lacked proper authority to initiate the foreclosure. Allegations that an entity recorded a notice of default before it had proper authority could support a claim in a case, unlike this one, in which prejudice could be shown.
I.
In my view, Ram and Hafiz sufficiently alleged a violation of the nonjudicial foreclosure statutes by alleging that Aztec lacked authority to initiate the foreclosure either as OneWest Bank, FSB’s trustee or as its agent. As to Aztec’s status as trustee, the majority concludes, as did the trial court, that *21 Ram and Hafiz’s allegations are insufficient because Civil Code section 2934a, subdivision (c)[1] authorizes the substitution of a trustee after a notice of default is recorded. This observation about section 2934a, subdivision (c) is true, but only as far as it goes. To be sure, the nonjudicial foreclosure statutes are not violated simply because a trustee is substituted after the notice of default is recorded. But, in my view, the substituted trustee must either have had actual authority to record the notice of default at the time the notice was recorded or be substituting in for a trustee that had such authority. Nothing in section 2934a, subdivision (c) or any other provision gives an entity first becoming the trustee after the recording of the notice of default retroactive authority to have recorded the notice.
The statutes make clear that the notice of default must be recorded by “[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents.” (§ 2924, subd. (a)(1).) Section 2934a, subdivision (d) provides that a “trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the . . . deed of trust for all purposes from the date the substitution is executed . . . .” (Italics added.) Under this plain language, a substitution of trustee is not effective until the date it is executed. The majority correctly points out that the substitution, once recorded, is conclusive evidence of the trustee’s authority. But the majority fails to explain how the conclusiveness of the trustee’s authority after the recording of the substitution somehow confers on the substituted trustee retroactive authority to have acted as trustee before the substitution was signed.[2]
Since Ram and Hafiz adequately alleged that Aztec lacked authority as trustee when the notice of default was recorded, I turn to whether they adequately alleged that Aztec lacked authority to record the notice as an agent. In my view, they did. Initially, I agree with the majority that Aztec would have been authorized to record the notice of default under section 2924, subdivision (a)(1) if, regardless of its trustee status, it was otherwise acting as OneWest’s authorized agent. But on the record before us we cannot know whether Aztec was such an agent. Whether an entity is an agent is normally a factual determination “not subject to resolution by demurrer.” (Childs v. State of California (1983) 144 Cal.App.3d 155, 163 [192 Cal.Rptr. 526].)
*22 The majority contends that Aztec’s status as an agent was conceded by Ram and Hafiz because the complaint alleges that “[pjlaintiffs are informed and believe . . . each of [the] defendants . . . was the agent... of each of the remaining defendants and was at all times acting within the purpose and scope of such agency. . . .” But this places far too much significance on this general allegation, and the majority mistakenly asserts that “[n]othing in the [first amended complaint] or judicially noticed documents suggests that Aztec was not authorized to act for OneWest.” In fact, Ram and Hafiz specifically alleged in no fewer than nine paragraphs in the complaint that Aztec “had no authority to record [the] Notice of Default.” These allegations effectively assert that Aztec was not acting as OneWest’s agent under section 2924, subdivision (a)(1) when the notice of default was recorded. These specific allegations trump the general allegation, and they leave me unable to join the majority’s conclusion that the complaint irrefutably concedes that Aztec had authority to record the notice of default as OneWest’s agent.[3] (See Garton v. Title Ins. & Trust Co. (1980) 106 Cal.App.3d 365, 376 [165 Cal.Rptr. 449] [“specific allegations of a complaint [may] overcome [a] general allegation of agency by showing that no such relationship existed”].)
In short, I conclude that Ram and Hafiz sufficiently alleged that Aztec lacked authority to initiate the foreclosure either as OneWest’s trustee or agent.
II.
Even though Ram and Hafiz sufficiently alleged a statutory violation, their wrongful-foreclosure claim nonetheless fails because they did not allege prejudice. More specifically, they did not allege, even after having been given an opportunity to amend their complaint, that the foreclosure sale could have been avoided if there had been no statutory violation.
As the majority correctly points out, prejudice is an element of a claim for wrongful foreclosure. (Herrera v. Federal National Mortgage Assn. (2012) 205 Cal.App.4th 1495, 1507 [141 Cal.Rptr.3d 326]; Fontenot v. Wells Fargo Bank, N.A. (2011) 198 Cal.App.4th 256, 272 [129 Cal.Rptr.3d 467]; see Little v. CFS Service Corp. (1987) 188 Cal.App.3d 1354, 1361-1362 [233 *23 Cal.Rptr. 923].) It is required not only for small deficiencies, but for big ones as well. For example, in Fontenot, Division One of this court required a showing of prejudice for a claim that the entity that conducted a foreclosure sale was not properly assigned the deed of trust: “[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff’s interests. . . . Even if [a nominee beneficiary] lacked authority to transfer the note [to the entity that eventually foreclosed], it is difficult to conceive how [the borrower] was prejudiced by [the] purported assignment. .. .” (Fontenot, at p. 272, citations omitted.) This holding recognized that the entity prejudiced in such a case is not the borrower, but rather the proper beneficiary that was entitled to recourse on the loan. Similarly, relying on Fontenot, Herrera held that an allegation of prejudice was required even if the purported beneficiary lacked authority to foreclose or execute a substitution of trustee. (Herrera, at pp. 1505-1507.)
Ram and Hafiz effectively concede that they did not allege prejudice, but they argue they were excused from doing so because Aztec’s alleged lack of authority to record the notice of default resulted in a “void,” not just “voidable,” sale. I am not persuaded. In my view, prejudice must be alleged regardless whether a sale is considered void or voidable.[4] (See Herrera v. Federal National Mortgage Assn., supra, 205 Cal.App.4th at pp. 1505-1507; Fontenot v. Wells Fargo Bank, N.A., supra, 198 Cal.App.4th at p. 272.) Borrowers whose property has been sold allege prejudice when they assert, as Ram and Hafiz did not, that, but for a statutory violation, the sale would not have happened and they would still possess the property. They do not necessarily allege prejudice merely by asserting that the sale occurred in the course of an imperfect nonjudicial foreclosure process.
I am aware of no published California decision directly addressing whether prejudice is required when, as is alleged here, an entity lacked authority when it initiated foreclosure proceedings but later was substituted as trustee. But I see no reason that this particular defect should alter the generally applicable requirement that a borrower must show prejudice to prevail in a wrongful-foreclosure action. The recording of a notice of default by an unauthorized entity could conceivably result in prejudice to borrowers under some circumstances, such as when it affects their ability to retain the property. But Ram *24 and Hafiz’s failure here to allege that the foreclosure sale could have been avoided is fatal to their claim. I therefore concur with the majority in sustaining the trial court’s grant of the demurrer.

Presiding Justice of the Court of Appeal, First Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

 All further statutory references are to the Civil Code.

 It is worth mentioning that the California Homeowner Bill of Rights, which became effective in 2013, amended section 2924 to make it perfectly clear that “[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.” (§ 2924, subd. (a)(6).) The amendment does not apply here because it took effect after the events at issue. (See Alvarez v. BAC Home Loans Servicing, L.P. (2014) 228 Cal.App.4th 941, 950-951 [176 Cal.Rptr.3d 304].)

 A reviewing court normally “resolve[s] all ambiguities and uncertainties raised by the demurrer against” the plaintiffs when, as here, a demurrer is sustained with leave to amend and the plaintiffs choose not to amend. (Hooper v. Deukmejian (1981) 122 Cal.App.3d 987, 994 [176 Cal.Rptr. 569]; see Holiday Matinee, Inc. v. Rambus, Inc. (2004) 118 Cal.App.4th 1413, 1421 [13 Cal.Rptr.3d 766].) But OneWest did not raise, and the trial court did not rely on, Aztec’s agency as a ground for sustaining the demurrer. In such circumstances, it is improper to “ ‘presume[] that the complaint states as strong a case as is possible’ ” on the agency issue. (Holiday Matinee, at p. 1421.)

 I agree with my colleagues in the Fourth District Court of Appeal, Division One, who found it ultimately “unhelpful to analyze trust deed nonjudicial foreclosure sales issues in the context of common law contract principles” like voidness and voidability. (Residential Capital v. Cal-Western Reconveyance Corp. (2003) 108 Cal.App.4th 807, 820 [134 Cal.Rptr.2d 162].) The void/voidable distinction is routinely used by courts to distinguish between less and more serious failures to adhere to the nonjudicial foreclosure requirements, but in my view it is more helpful in most cases, and certainly this one, to focus first on whether the failure resulted in prejudice to the party asserting the claim.