Filed 11/19/13  Rodriguez v. Bank of America CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANABEL RODRIGUEZ et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants and Respondents. | 2d Civil No. B247529 <br> (Super. Ct. No. 56-2012-414550-CU-NP-VTA) <br> (Ventura County) |

Plaintiffs Anabel and Jose Rodriguez appeal the judgment of dismissal in favor of defendants Bank of America, N.A. (BofA),[1] Federal National Mortgage Association (Fannie Mae), and Mortgage Electronic Registration Systems, Inc. (MERS) following the trial court's order sustaining without leave to amend their demurrer to the first amended complaint.   In that complaint, plaintiffs allege that defendants wrongfully foreclosed the deed of trust on their home.  Among other things, they allege that representatives of BAC Home Loans Servicing, L.P. (BAC) told them they had qualified for a loan modification and assured them the trustee's sale had been cancelled.  In the meantime, the trustee, ReconTrust Company, N.A. (ReconTrust), sold the property to Fannie Mae.

---

[1] BofA appears in this action "as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP, and successor by merger to Countrywide Bank, FSB."

Generally, a borrower must tender the full amount of the debt to maintain an action to cancel a completed trustee's sale. (*Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 (*Karlsen*).) The trial court invoked this rule to dismiss the causes of action seeking to avoid the sale. Plaintiffs allege the tender rule does not apply here because the substitution of trustee and assignments of the deed of trust from the original lender to BAC were void. The test, however, is not whether these documents were void, but whether the sale itself was void. Plaintiffs have not alleged facts demonstrating that the substitution and assignments affected the trustee's statutory authority to foreclose and sell the property. As both the original and substitute trustee, ReconTrust had that authority regardless of whether the substitution was valid.

The complaint also alleges claims for damages for unfair competition, promissory estoppel, negligent misrepresentation and fraud arising out of the purported oral assurances to modify the loan and cancel the foreclosure. Plaintiffs did not raise any issues regarding those claims in their opening brief, and thus waived them on appeal. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Countrywide Bank, FSB (Countrywide) loaned plaintiffs $288,000 to purchase a single-family residence located at 507 Doris Avenue in Oxnard (Property). To secure repayment of the loan, plaintiffs signed a promissory note and deed of trust. The deed of trust identified Countrywide as the lender, ReconTrust as the trustee, and MERS as the beneficiary. The deed of trust stated, "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) . . . . This Security Instrument secures to Lender: (i) the repayment of the Loan . . . ; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee [ReconTrust], in trust, with power of sale, the [Property] . . . ."

In August 2010, ReconTrust recorded a substitution of trustee and assignment of deed of trust, naming ReconTrust as substitute trustee and assigning the

beneficial interest in the deed of trust from MERS to BAC, successor by merger to Countrywide.

Plaintiffs allege that T. Sevillano, who signed the substitution and assignment on behalf of MERS, lacked authority to do so. They also allege that the notary's signature was forged, and that the assignment is invalid under Civil Code[2] section 1095 because MERS did not identify the principal on whose behalf it executed the assignment.

ReconTrust recorded a notice of default and notice of trustee's sale, but rescinded both notices in February 2011. A few months later, a new assignment of the beneficial interest in the deed of trust to BAC was recorded. Once again, plaintiffs allege that the person who signed the assignment for MERS, Jane Maritorana, lacked authority to act for MERS, that the notary's signature was forged and that the assignment is invalid under section 1095.

Plaintiffs applied for a loan modification in March 2011. They allege that BAC representatives told them they were eligible to do so. Based on these purported assurances, plaintiffs provided BAC with the requested documentation and regularly contacted BAC to ensure that nothing more was required.

ReconTrust recorded a second notice of default in September 2011. At that time, the arrearages were $39,968.34. After ReconTrust recorded a notice of trustee's sale on January 3, 2012, plaintiffs contacted BAC to request a postponement of the sale. They allege that "[i]n multiple conversations over the following weeks, Defendants represented to [them] that they had qualified for the 'Making Home Affordable' loan modification program and that the January 23rd 2012 trustee sale would not be going forward." They allege that on January 9, 2012, they advised a BAC representative that they had received a letter of reinstatement setting forth the outstanding balance due on their loan. The representative purportedly told plaintiffs to disregard this letter because of the pending loan modification. They claim that if they had known that paying the

---

[2] All further statutory references are to the Civil Code unless otherwise stated.

balance due would have prevented the foreclosure, they would have made the payment at that time or taken "other possible steps to avoid foreclosure."

On January 26, 2012, plaintiffs contacted BAC to follow up on their loan modification. They were told that the trustee's sale had gone forward on January 23, and that Fannie Mae was the successful bidder. A few days before the sale, BofA had assigned its beneficial interest in the deed of trust to Fannie Mae. ReconTrust recorded the trustee's deed upon sale.

Plaintiffs brought this action against defendants and others for wrongful foreclosure. The trial court sustained defendants' demurrer to the original complaint with leave to amend.

Plaintiffs filed a first amended complaint alleging claims for (1) wrongful foreclosure, (2) quiet title, (3) unfair competition (Bus. & Prof. Code, § 17200), (4) slander of title, (5) notary misconduct, (6) promissory estoppel, (7) declaratory relief, (8) negligent misrepresentation, (9) fraud and deceit, and (10) cancellation of recorded instruments. Defendants demurred to all causes of action except notary misconduct, which involved other parties. The trial court sustained the demurrer without leave to amend.

Regarding the causes of action seeking to set aside the sale, the trial court determined that "[p]laintiffs are required to tender the complete amount due under the loan in addition to all fees and costs in light of the fact that the foreclosure sale has been conducted and Plaintiffs' admission that they were in default. Plaintiffs have not done so and do not allege in good faith that they can." The court further concluded that plaintiffs' inability to allege tender suggests they have not been harmed by defendants, and thus have not suffered any damages for purposes of stating a claim for unfair competition, promissory estoppel, negligent misrepresentation and fraud and deceit. Plaintiffs appeal the judgment of dismissal.

4

## DISCUSSION

### *Standard of Review*

"We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action. [Citation.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context. [Citation.] 'We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons. [Citation.]' [Citation.]" (*Entezampour v. North Orange County Community College Dist.* (2010) 190 Cal.App.4th 832, 837.) Also, "if there is a reasonable possibility the defect in the complaint could be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1998) 68 Cal.App.4th 445, 459.)

### *Claims to Set Aside the Trustee's Sale*

Five of plaintiffs' causes of action seek to set aside the trustee's sale: wrongful foreclosure, quiet title, slander of title, declaratory relief and cancellation of recorded instruments. Plaintiffs do not dispute that "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." (*Karlsen, supra,* 15 Cal.App.3d at p. 117; *United States Cold Storage v. Great Western Savings & Loan Assn.* (1985) 165 Cal.App.3d 1214, 1222-1223.) "*This requirement is based on the theory that one who is relying upon equity in overcoming a voidable sale must show that he is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose.*" (*Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 878 (*Dimock*).) Thus, absent an alleged and actual tender, a complaint seeking to set aside a voidable trustee's sale fails to state a viable cause of action. (*Karlsen,* at pp. 117-118.) This tender rule is strictly enforced. (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439.)

Tender is not required, however, if the trustee's sale is void rather than "merely voidable." (*Dimock, supra,* 81 Cal.App.4th at p. 876.) A sale that is void "has no force and effect," whereas one that is voidable can be "avoided" or set aside as a matter of equity. (*Little v. Cfs Service Corp.* (1987) 188 Cal.App.3d 1354, 1358.) *Dimock* held that a sale conducted by a trustee was void rather than voidable because the apparent validity of a subsequent substitution of trustee created a "conclusive presumption" that the conveying party was not the true trustee. (*Id.* at p. 877.) Concluding the former trustee had no power to convey the property, the court declared the trustee's deed upon sale "was a complete nullity with no force or effect as opposed to one which may be set aside but only through the intervention of equity." (*Id.* at p. 876; see *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 113.)

Plaintiffs assert that the substitution of trustee and two assignments of the deed of trust from MERS to BAC were void *ab initio* as a result of the purported forgeries and because they violated section 1095.[3] Citing *Dimock*, they contend they were not required to tender the amount of the debt because the allegedly void substitution and assignments also rendered the trustee's sale void. We disagree. The validity of these documents is irrelevant to the validity of the sale because, unlike in *Dimock,* the trustee here, ReconTrust, had authority to foreclose as either the original or substitute trustee. (§ 2924, subd. (a)(1).)

In *Shuster v. BAC Home Loans Servicing,* LP (2012) 211 Cal.App.4th 505, 511-512, we reiterated that "California's statutory nonjudicial foreclosure scheme (§§ 2924-2924k) does not require that the foreclosing party have a beneficial interest in or physical possession of the note." (Accord *Debrunner v. Deutsche Bank Nat. Trust Co.* (2012) 204 Cal.App.4th 433, 440-441; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154.) "Section 2924, subdivision (a)(1) specifically permits the 'trustee, mortgagee, or beneficiary, or any of their authorized agents' to institute

---

[3] Section 1095 provides: "When an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."

6

foreclosure by recording a notice of default." (*Shuster*, at p. 512.) It does not contemplate "a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." (*Gomes*, at p. 1155 [borrower may not bring action challenging MERS' authority to foreclose].)

Plaintiffs rely heavily upon an unpublished federal case, *Tang v. Bank of America, N.A.* (C.D. Cal. 2012) 2012 WL 960373, for the proposition that the tender rule does not bar claims based upon fraudulently executed assignments of deeds of trust. *Tang* may not be read so broadly. In that case, the substitute trustee initiated foreclosure. Before the sale occurred, the plaintiffs filed a complaint alleging inter alia that the document appointing the substitute trustee was void because the person who executed it on behalf of the bank was a "robo-signer" with no agency relationship with the bank. (*Id.* at p. *10.) The district court determined the plaintiffs had made a facially plausible claim that the substitution was void, raising a question as to whether the substitute trustee was in fact the trustee when the notice was recorded. (*Id.* at pp. *10-11.) The court observed that if the substitute trustee was not the actual trustee, it "was not one of the four parties authorized by Section 2924 to record a Notice of Default." (*Id.* at pp. *7, 10.) Because the sale had yet to occur, the court determined tender was not necessary. (*Id.* at pp. *4-7.)

In contrast to *Tang* and *Dimock*, ReconTrust's authority to institute the foreclosure as one of the four parties in section 2924 is not reasonably in dispute. ReconTrust was the named trustee in the original deed of trust. Hence, it is irrelevant whether MERS' attempt to substitute ReconTrust as trustee in the first assignment was void. If it was void, ReconTrust had authority to foreclose as the original trustee. If it was valid, ReconTrust had authority as the substitute trustee. (§ 2924, subd. (a)(1).) Plaintiffs have not alleged that any other entity was the true trustee. Nor have they demonstrated how the assignments of the beneficial interest in the deed of trust, even if void, stripped ReconTrust of its statutory authority to foreclose, rendering the sale "a complete nullity with no force or effect." (*Dimock, supra,* 81 Cal.App.4th at p. 876.)

7

An assignment of a note and deed of trust merely substitutes one creditor for another, without changing the borrower's obligations. (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507-1508; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) Thus, even if borrowers allege that an assignment is void, as they do here, the borrowers cannot attack the foreclosure without adequately alleging how the assignment caused them harm. (*Herrera*, at pp. 1507-1508; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85 ["Absent any prejudice, [borrowers] have no standing to complain about any alleged lack of authority or defective assignment"].) Plaintiffs acknowledge they were in default on the loan, and do not allege that the assignments interfered with their ability to pay their loan, or that the original lender would have refrained from foreclosure despite their default. (*Herrera*, at pp. 1507-1508; *Siliga*, at p. 85.) Although plaintiffs allege facts suggesting they were harmed by oral representations made by BAC during the foreclosure process, they do not allege they were harmed by the assignments themselves.

Having admitted they did not tender the full amount of the indebtedness, plaintiffs cannot overcome this pleading deficiency through amendment. (See *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, supra,* 68 Cal.App.4th at p. 459.) Thus, the trial court properly applied the tender rule to sustain the demurrer without leave to amend as to the causes of action seeking to avoid the sale. (*Karlsen, supra,* 15 Cal.App.3d at p. 117.)

*Claims for Damages*

The trial court also dismissed plaintiffs' claims for damages arising out of defendants' alleged oral assurances that plaintiffs had qualified for a loan modification and that the foreclosure sale had been cancelled. Plaintiffs discussed the alleged oral assurances in their opening brief, but raised only two arguments: (1) that tender was not required because the foreclosure sale was void, and (2) that leave to amend should be granted to address tender. Plaintiffs did not mention their causes of action for unfair competition, promissory estoppel, negligent misrepresentation and fraud and deceit, other than to state they are in the complaint. Defendants contend plaintiffs waived any

8

arguments regarding these claims on appeal by failing to address them in their opening brief.  We agree.  (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 799; *Davies v. Sallie Mae, Inc.* (2008) 168 Cal.App.4th 1086, 1096; *Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 ["an appellant's failure to discuss an issue in its opening brief forfeits the issue on appeal"].)

Plaintiffs concede their brief focused only on the tender rule, but contend they did not abandon their promissory estoppel claim, which they address for the first time in their reply brief.  They assert they did not raise that claim in their opening brief because the trial court neglected to address it in its order.  To the contrary, the order expressly stated that "the fact that Plaintiffs have not suffered any damages as a consequence of Defendants' actions invalidates their claims under the 3rd [unfair competition], *6th [promissory estoppel]*, 8th [negligent misrepresentation] and 9th [fraud and deceit] causes of action."  (Italics added.)  Because arguments cannot properly be raised for the first time in an appellant's reply brief, we deem them waived in this instance.  (*Cold Creek Compost, Inc. v. State Farm Fire & Cas. Co.* (2007) 156 Cal.App.4th 1469, 1486; *West v. JPMorgan Chase Bank, N.A., supra,* 214 Cal.App.4th at p. 799.)

## DISPOSITION

The judgment is affirmed.  Defendants and respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

9

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Fobi Law Offices, Emmanuel F. Fobi for Appellants.

Severson & Werson, Jan T. Chilton, Jon D. Ives, Kerry William Franich for Respondents.