**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERMIN SOLIS ANIEL; ERLINDA ABIBAS ANIEL,<br><br>　　　　　Plaintiffs - Appellants,<br><br>　　v.<br><br>AURORA LOAN SERVICES LLC, a California limited liability company, its assignee and/or successors; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporate entity; QUALITY LOAN SERVICES CORP, a California corporate entity; MCCARTHY AND HOLTHUS LLP, a California limited liability partnership,<br><br>　　　　　Defendants - Appellees. | No. 10-17369<br><br>D.C. No. 3:10-cv-01042-JSW<br><br>MEMORANDUM[*] |
| FERMIN SOLIS ANIEL; ERLINDA ABIBAS ANIEL,<br><br>　　　　　Plaintiffs - Appellants,<br><br>　　v.<br><br>AURORA LOAN SERVICES LLC, a California limited liability company, its | No. 11-15016<br><br>D.C. No. 3:10-cv-01042-JSW |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

assignee and/or successors; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporate entity; QUALITY LOAN SERVICES CORP, a California corporate entity; MCCARTHY AND HOLTHUS LLP, a California limited liability partnership,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted September 10, 2013
San Francisco, California

Before: WALLACE, FISHER and BERZON, Circuit Judges.

Fermin and Erlinda Aniel appeal the dismissal with prejudice of their suit arising out of a nonjudicial foreclosure on their rental property. We affirm in part, reverse in part and remand.

**1.** We agree with the district court that the Aniels' pro se complaint fails to state a claim for wrongful foreclosure. But as explained below, the Aniels should have been provided an opportunity to amend this claim because it is not "absolutely clear" the deficiencies could not be remedied. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).

2

The district court concluded that the Aniels did not – and could not – state a plausible claim for wrongful foreclosure because they failed to allege they could or would tender the amounts due and owing on their loan. Under California law, a borrower generally "must offer to pay the full amount of the debt for which the property was security" to set aside a trustee's sale based upon irregularities in sale notice or procedure. *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640 (Ct. App. 2011); *see Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17 (Ct. App. 1984). Here, however, the Aniels argued that the substitution of trustee was fraudulent or forged, such that Quality Loan Servicing Corporation was never substituted as the trustee. If Quality was not properly substituted as trustee, it would have had no authority to effectuate a nonjudicial foreclosure sale, and the sale would be void, rather than voidable. *See Dimock v. Emerald Props., LLC*, 97 Cal. Rptr. 2d 255, 261-62 (Ct. App. 2000). Because tender is not required for an allegedly void sale, *see Lona*, 134 Cal. Rptr. 3d at 641, the district court abused its discretion when it dismissed the Aniels' wrongful foreclosure claim with prejudice based on their

3

inability to tender.  On remand, the Aniels shall be given the opportunity to amend this claim.[1]

**2.**  The district court properly dismissed the Aniels' claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, because they failed to allege the existence of a "debt" within the meaning of the statute.  Only obligations incurred "primarily for personal, family, or household purposes" are considered "debts" under the FDCPA, 15 U.S.C. § 1692a(5), which "applies to consumer debts and not business loans," *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992).  The Aniels included only a single, conclusory allegation that they "incurred a financial obligation in real property that was primarily for personal, family, or household purpose[s]" that qualifies as a "debt" within the meaning of the FDCPA.  Yet the Aniels admitted that the subject property was a rental unit at the time they acquired the refinancing loan, that they had never resided there and that they were experienced real estate investors, owning and managing a number of rental properties.  *See In re Aniel*, 427 B.R. 811, 813

---

[1] The dissent suggests that even if the tender requirement does not apply, the Aniels failed to allege how they were "prejudiced or harmed" by the foreclosure, and that there is "no way" for the Aniels to do so here.  The district court did not consider whether the Aniels had pled or could plead they were prejudiced or harmed by the foreclosure.  We decline to rely on this ground on appeal as the dissent urges, but prefer to allow these pro se plaintiffs the opportunity to clarify how they were prejudiced, if at all, in an amended pleading.

4

(Bankr. N.D. Cal. 2010).  The Aniels' admissions establish that they cannot allege a covered debt, and their bare assertion that they incurred the debt primarily for personal, family or household reasons is insufficient to demonstrate otherwise. Therefore, dismissal of this claim with prejudice was appropriate.

Each party shall bear its own costs of appeal.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

5

*Aniel v. Aurora Loan Services LLC*, 10-17369 & 11-15016

Wallace, Circuit Judge, concurring in part and dissenting in part:

I join with the majority with respect to its holding that the district court correctly dismissed the Aniels' claims for wrongful foreclosure and under the FDCPA. However, I dissent from the majority's decision that the district court abused its discretion by dismissing with prejudice. It is "absolutely clear" that the Aniels cannot amend their complaint to state a claim of wrongful foreclosure.

In order to state a claim for wrongful foreclosure, the Aniels must not only allege that they were excused from tendering the amount due, but also that they were "prejudiced or harmed" by the foreclosure. *Lona*, 134 Cal. Rptr. 3d at 633. The Aniels admit they defaulted on their loan in August 2008, and were subject to foreclosure. They therefore have not suffered any harm or prejudice, even if the foreclosure sale included procedural irregularities. *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 480 (Ct. App. 2011) ("Prejudice is not presumed from mere irregularities in the [foreclosure] process. . . . As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer . . . interfered in any manner with her payment of the note, nor that the original lender would have refrained from foreclosure under the circumstances

1

presented. If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender") (citations omitted). Because there is no way for the Aniels to plead that they were prejudiced or harmed by the foreclosure, it is "absolutely clear" that they cannot cure the pleading deficiencies of the complaint by amendment. *Akhtar*, 698 F.3d at 1212.

The majority declines to address the prejudice issue because the "district court did not consider" it. It is proper to address prejudice, and thus affirm the district court in whole, because we "may affirm the dismissal on any ground supported by the record." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 507 (9th Cir. 2013). This rule applies equally to plaintiffs who file complaints pro se. *Serrano v. Francis*, 345 F.3d 1071, 1076-77 (9th Cir. 2003) ("Although it may seem premature to address [an issue] before the district court has even ruled on it, we do so here because this court may affirm on any ground supported by the record," even though the plaintiff filed his complaint pro se).

2