Fermin and Erlinda Aniel appeal the dismissal with prejudice of their suit arising out of a nonjudicial foreclosure on their rental property. We affirm in part, reverse in part and remand.
1. We agree with the district court that the Aniels’ pro se complaint fails to state a claim for wrongful foreclosure. But as explained below, the Aniels should have been provided an opportunity to amend this claim because it is not “absolutely clear” the deficiencies could not be remedied. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.2012) (internal quotation marks omitted).
The district court concluded that the Aniels did not — and could not — state a plausible claim for wrongful foreclosure because they failed to allege they could or would tender the amounts due and owing on their loan. Under California law, a borrower generally “must offer to pay the full amount of the debt for which the property was security” to set aside a trustee’s sale based upon irregularities in sale notice or procedure. Lona v. Citibank, N.A., 202 Cal.App.4th 89, 134 Cal.Rptr.3d 622, 640 (2011); see Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 205 Cal.Rptr. 15, 17 (1984). Here, however, the Aniels argued that the substitution of trustee was fraudulent or forged, such that Quality Loan Servicing Corporation was never substituted as the trustee. If Quality was not properly substituted as trustee, it would have had no authority to effectuate a nonjudicial foreclosure sale, and the sale would be void, rather than voidable. See Dimock v. Emerald Props., LLC, 81 Cal. App.4th 868, 97 Cal.Rptr.2d 255, 261-62 (2000). Because tender is not required for an allegedly void sale, see Lona, 134 Cal. Rptr.3d at 641, the district court abused its discretion when it dismissed the Aniels’ wrongful foreclosure claim with prejudice based on their inability to tender. On remand, the Aniels shall be given the op *418 portunity to amend this claim.[1]
2. The district court properly dismissed the Aniels’ claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, because they failed to allege the existence of a “debt” within the meaning of the statute. Only obligations incurred “primarily for personal, family, or household purposes” are considered “debts” under the FDCPA, 15 U.S.C. § 1692a(5), which “applies to consumer debts and not business loans,” Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1068 (9th Cir.1992). The Aniels included only a single, conclusory allegation that they “incurred a financial obligation in real property that was primarily for personal, family, or household purpose[s]” that qualifies as a “debt” within the meaning of the FDCPA. Yet the Aniels admitted that the subject property was a rental unit at the time they acquired the refinancing loan, that they had never resided there and that they were experienced real estate investors, owning and managing a number of rental properties. See In re Aniel, 427 B.R. 811, 813 (Bankr.N.D.Cal.2010). The Aniels’ admissions establish that they cannot allege a covered debt, and their bare assertion that they incurred the debt primarily for personal, family or household reasons is insufficient to demonstrate otherwise. Therefore, dismissal of this claim with prejudice was appropriate.
Each party shall bear its own costs of appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. The dissent suggests that even if the tender requirement does not apply, the Aniels failed to allege how they were “prejudiced or harmed” by the foreclosure, and that there is "no way” for the Aniels to do so here. The district court did not consider whether the Aniels had pled or could plead they were prejudiced or harmed by the foreclosure. We decline to rely on this ground on appeal as the dissent urges, but prefer to allow these pro se plaintiffs the opportunity to clarify how they were prejudiced, if at all, in an amended pleading.