**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BRIAN W. DAVIES, <br><br> Debtor, <br><br> ──────────────────── <br><br> BRIAN W. DAVIES, <br><br> Appellant, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the Residential Asset Securitization Trust 2007-A5 Mortgage Pass Through Series 2007-E, Under The Pooling And Servicing Agreement Dated March 1, 2007, Its Assigns and/or Successors In Interest, <br><br> Appellee. | No. 12-60003 <br><br> BAP No. 11-1221 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Hollowell, and Pappas, Bankruptcy Judges, Presiding

Argued and Submitted February 12, 2013
Pasadena, California

─────────────────

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District Judge.**

**1.** The bankruptcy court properly granted Deutsche Bank National Trust Co.'s motion for judgment on the pleadings with respect to Brian Davies' quiet title claim. The Bankruptcy Appellate Panel (BAP) affirmed the bankruptcy court's decision on the ground that Davies failed to offer to repay his outstanding debt on the property. We need not decide whether California law imposes a tender requirement where, as here, a borrower seeks to enjoin a foreclosure sale, or claims that the defendant lacks authority to foreclose. *Cf. Intengan v. BAC Home Loans Servicing LP*, 154 Cal. Rptr. 3d 727, 732 (Ct. App. 2013); *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 970–71 (N.D. Cal. 2012) (citing *Dimock v. Emerald Props. LLC*, 97 Cal. Rptr. 2d 255, 262 (Ct. App. 2000)). We may affirm on any ground supported by the record, *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 428 (9th Cir. 2011), and do so because Davies has failed to plead facts showing he is entitled to quiet title against Deutsche Bank.

We assume, without deciding, that California law permits a debtor to bring a quiet title action to prevent a nonjudicial foreclosure sale. *Cf. Siliga v. Mortg.*

---

** The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

*Elec. Registration Sys., Inc.*, 161 Cal. Rptr. 3d 500, 505 (Ct. App. 2013); *Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 924 (Ct. App. 2013). Even so, Davies has not pointed to any facts showing Deutsche Bank lacks authority to foreclose on his home. Davies has not demonstrated that the deed of trust is invalid. He concedes that he borrowed $441,350 to finance the purchase of his home, and that he has repaid only approximately $100,000 of that amount. Unable to contest the validity of the debt itself, Davies makes numerous factual allegations relating to defects in the assignment of the deed of trust, defects in the promissory note, and violations of the pooling and servicing agreement. None are sufficient to show that Deutsche Bank lacks authority to foreclose.

First, the record shows that as an assignee of the deed of trust, Deutsche Bank had authority to initiate foreclosure proceedings. The recorded August 8, 2009, Assignment of Deed of Trust—which is the proper subject of judicial notice as a document of legal force—assigned the deed of trust to Deutsche Bank. *See Louisville & Nashville R.R. Co. v. Palmes*, 109 U.S. 244, 253 (1883). The fact that Mortgage Electronic Registration Systems, Inc. (MERS) executed the assignment does not impair its validity. In the deed of trust, Davies agreed to allow MERS to exercise his lender's foreclosure authority, and California law permits this arrangement. *See Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819,

826–27 (Ct. App. 2011). Nor does the complaint allege that Deutsche Bank was not in physical possession of the promissory note when it initiated foreclosure proceedings; we therefore need not decide whether such possession was required as a condition of foreclosing. *See, e.g.*, *Siliga*, 161 Cal. Rptr. 3d at 507 n.5; *Shuster v. BAC Home Loans Servicing LP*, 149 Cal. Rptr. 3d 749, 754 (Ct. App. 2012); *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 138 Cal. Rptr. 3d 830, 835–36 (Ct. App. 2012). And in light of the valid August 8, 2009, assignment, the subsequent unrecorded assignment, dated September 20, 2010, is simply a nullity.

Second, Davies' allegations related to the promissory note—including the modification of his marital status, the lack of his initials on a page of the deed, and other allegedly suspicious facts—are immaterial and irrelevant to the validity of Davies' debt.

Finally, Davies cannot challenge violations of the pooling and servicing agreement. We recognize that California courts have divided over this issue. But the weight of authority holds that debtors in Davies' shoes—who are not parties to the pooling and servicing agreements—cannot challenge them. *See, e.g.*, *Jenkins*, 156 Cal. Rptr. 3d at 927; *see also Flores v. EMC Mortg. Co.*, --- F. Supp. 2d ---, 2014 WL 641097, at *6 (E.D. Cal. Feb. 18, 2014) (collecting cases). *But see*

*Glaski v. Bank of Am.*, 160 Cal. Rptr. 3d 449, 464–65 (Ct. App. 2013). We believe the California Supreme Court, if confronted with this issue, would so hold.

As none of Davies' factual allegations suggest that the debt he owes on the deed of trust is invalid, that Deutsche Bank lacks authority to foreclose, or that Deutsche Bank has otherwise violated California's nonjudicial foreclosure statute, the bankruptcy court properly dismissed his quiet title claim.

**2.** The bankruptcy court properly dismissed Davies' declaratory judgment claim, as it is duplicative of his quiet title claim. *See City of Santa Maria v. Adam*, 149 Cal. Rptr. 3d 491, 517 (Ct. App. 2012) ("The purpose of a quiet title action is to finally settle and determine the parties' conflicting claims to the property and to obtain a declaration of the interest of each party.").

**3.** The bankruptcy court properly dismissed Davies' Truth in Lending Act (TILA) claim. TILA requires that assignees of mortgage debt notify the debtor of the assignment within thirty days. 15 U.S.C. § 1641(g)(1). Actions under TILA must be brought within one year of the violation. 15 U.S.C. § 1640(e). The assignment of the deed of trust to Deutsche Bank was recorded on August 20, 2009, indicating that Davies should have been notified by September 19, 2009. Davies therefore had until September 19, 2010, to file his TILA claim, but did not do so until January 2, 2011.

**AFFIRMED.**

FILED

MAR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*In re: Brian W. Davies*, No. 12-60003

CARR, Senior District Judge, dissenting:

I respectfully dissent.