**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN B. FREITAS, | No. 19-17394 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-03347-WHA |
| v. | |
| BANK OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 16, 2021[**]

Before:   GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

John B. Freitas appeals pro se from the district court's order dismissing his

action alleging federal and state law claims arising out of foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal based on claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2002). We affirm.

The district court properly dismissed Freitas's action as barred by the doctrine of claim preclusion because Freitas had already litigated the validity of the operative deed of trust in prior state court actions, which involved the same parties, and resulted in final judgments on the merits. *See DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (elements of claim preclusion under California law).

Although Freitas argues that the present action involves a different cause of action because at the time the trustee's sale was conducted there were two competing trustees under two deeds of trust securing the same obligation, the trustee's sale was conducted by the properly substituted trustee under the operative deed of trust, as had been determined in the prior state court actions. *See Boeken v. Philip Morris USA, Inc.*, 240 P.3d 342, 348 (Cal. 2010) ("[A] judgment for [a] defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." (quotation marks omitted; emphasis in original)); *cf. Dimock v. Emerald Props. LLC*, 97 Cal. Rptr. 2d 255 (Ct. App. 2000) (the recording of the substitution of trustee under California Civil Code § 2934a gave the second trustee the exclusive power to conduct a trustee's sale rendering the sale conducted by the first trustee void).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**